(No. 5723. Decided July 14, 1905.)

### In the Matter of the Application of THOMAS BROWN for a Writ of Habeas Corpus.[1]

INSANE PERSONS—ACQUITTAL OF CRIME ON GROUND OF INSANITY— IMPRISONMENT—CONSTITUTIONAL LAW—DUE PROCESS OF LAW—PRESUMPTIONS. One accused of murder, who submits a plea of insanity to trial by jury and is found not guilty by reason of insanity, may be confined in the county jail until the further order of the court, conformably to Bal. Code, § 6959, and is not deprived of his liberty without due process of law where he does not allege a restoration of sanity; since he was duly accorded a fair trial, and the presumption of insanity, once found, continues; and since the law does not prevent a judicial investigation as to restored sanity.

SAME—CRUEL PUNISHMENT. The state has power to protect its people from dangerous insane persons by providing, after a full hearing, for their confinement in a prison while the condition continues, and such confinement does not violate the constitutional inhibition of cruel punishment.

SAME—JUDGMENT—CERTAINTY. An order for the confinement of a dangerous insane person until the further order of the court is not void for uncertainty, the order being subject to modification upon application.

Application filed in the supreme court June 13, 1905, for a writ of habeas corpus, on behalf of a petitioner confined under an order of the superior court for Lewis county, Rice, J., entered May 9, 1905. Writ denied.

*Maurice A. Langhorne* and *C. H. Forney,* for petitioner. Bal. Code, § 6959, is in conflict with the fourteenth amendment of the federal constitution. *State ex rel. Blaisdell v. Billings,* 55 Minn. 467, 57 N. W. 206, 794, 43 Am. St. 524; *Doyle, Petitioner,* 16 R. I. 537, 18 Atl. 159, 27 Am. St. 759; *Underwood v. People,* 32 Mich. 1, 20 Am. Rep. 633; Cooley, Torts (2d ed.), p. 206, note 1. Due process of law applied to judicial proceedings, requires due regard to established rules and fundamental principles of law, and

1Reported in 81 Pac. 552.

proceedings regular and appropriate to the questions involved. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Rees v. Watertown*, 19 Wall. 107, 22 L. Ed. 72; *Ex Parte Macdonald*, 76 Ala. 603; *Parsons v. Russell*, 11 Mich. 113, 83 Am. Dec. 728; 10 Am. & Eng. Ency. Law (2 ed.), 296, 301; *Trustees of Griswold College v. Davenport*, 65 Iowa 633, 22 N. W. 904; *In re Ah Lee*, 5 Fed. 899. In a criminal case, the offense must be described in an accusation, the accused must have his day in court and a trial with pleadings, practice, and evidence according to established procedure, before a competent court, and authority for every step must be found in the law of the land. 10 Am. & Eng. Ency. Law (2d ed.), 303, 304; *Hood v. State*, 44 Ala. 81; *Tiedeman, State & Fed. Control*, pp. 128, 131. These principles likewise apply to insanity proceedings. 16 Am. & Eng. Ency. Law (2d ed.), 599, 600; *Hovey v. Elliott*, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Crain v. United States*, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; *Scott v. McNeal*, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896; *Eddy v. People ex rel. Eddy*, 15 Ill. 386; *Hathaway v. Clark*, 5 Pick. 490; *Conkey v. Kingman*, 24 Pick. 115; *Wait v. Maxwell*, 5 Pick. 217, 16 Am. Dec. 391; *State v. Ryan*, 70 Wis. 676, 36 N. W. 823; *In re Janes*, 30 How. Pr. 446; *McCurry v. Hooper*, 12 Ala. 823, 46 Am. Dec. 280; *Colby v. Jackson*, 12 N. H. 526. Confinement without investigation assumes the insanity, the very question at issue. *Van Dusen v. Newcomer*, 40 Mich. 90. The fact of insanity must be found by a jury of inquiry. *In re Bryant*, 3 Mackey (D. C.) 489; *Commonwealth ex rel. Stewart v. Kirkbride*, 2 Brewst. (Pa.) 419; *Territory v. Sheriff*, 6 Mont. 297, 12 Pac. 662; *State ex rel. Kiel v. Baird*, 47 Mo. 301; *Fiscus v. Turner*, 125 Ind. 46, 24 N. E. 662; *De Hart v. Condit*, 51 N. J. Eq. 611, 28 Atl. 603, 40 Am. St. 545. A judgment of confinement "until the further order of court" is void. 15 Am. & Eng. Ency. Law (2d ed.), 180;

1 Bishop, New Crim. Proc., § 1297; 21 Am. & Eng. Ency. Law (1st ed.), 1073; *Davis v. Catron,* 22 Wash. 183, 60 Pac. 131. The judge was without power to decide that the insanity existing at the time of the crime continued and was such at the time of the trial as to warrant imprisonment. *Kelleher v. Putnam,* 60 N. H. 30, 49 Am. Rep. 304; Bal. Code, §§ 2660-2680.

*J. R. Buxton* and *A. J. Falknor* for respondent. Insanity once shown to exist is presumed to continue, and the burden of proving restoration to sanity is upon him who asserts it. 16 Am. & Eng. Ency. Law (2d ed.), 605; Schouler, Wills, p. 384, § 189; Cooley, Torts (2d ed.), p. 178. This rule applies in the case of acquittal of crime on the ground of insanity. *United States v. Lawrence,* Fed. Cas. No. 15,577; Carr, Trial of Lunatics, pp. 75, 77; 1 Tiedeman, State & Fed. Control, p. 136; *Commonwealth v. Meriam,* 7 Mass. 168; *State v. Klinger,* 46 Mo. 224; *Clearfield County v. Cameron Township Poor Dist.,* 135 Pa. St. 86, 19 Atl. 952.

HADLEY, J.—The petitioner made original application in this court for a writ of habeas corpus, directed to the sheriff of Lewis county. He asserts that he is unlawfully detained and imprisoned. His petition shows that he was regularly tried in the superior court of said county on the charge of murder in the first degree, to which charge he had interposed the plea of not guilty. The verdict returned was as follows:

"We, the jury, find the defendant not guilty by reason of insanity."

Immediately after the return of the verdict, on the 1st day of May, 1905, the trial court ordered the sheriff to return the petitioner to the county jail, to await the further order of the court. He was accordingly detained in jail until the 8th day of said month, when the trial judge ordered

him to be brought into court. The petition alleges that the court thereupon, without any hearing or trial, and without giving the petitioner any opportunity to be heard in his own behalf, arbitrarily and of its own motion announced that, because of the verdict of the jury, which established that the petitioner was not guilty by reason of insanity, the court considered that his discharge and going at large would be manifestly dangerous to the peace and safety of the community. It is further shown that, for the above reasons, an order was entered to the effect that the petitioner shall be, by the sheriff, confined in the county jail, until the further order of the court.

The sheriff made return to the petition by way of answer. The answer avers that the petitioner was charged with murder in the first degree, for the killing of his father; that he pleaded and urged, as a defense to said charge, insanity caused by epilepsy, cruel treatment by his father, and the degeneracy of the latter prior to the birth of the petitioner; that he offered proof during the trial of continuous and permanent insanity from said causes, and that his demeanor during the trial appeared to be consistent with his claim of general insanity. The above alleged facts are not controverted by the petitioner.

The court acted on the authority of a statute of this state which is set forth in Bal. Code, § 6959. It is as follows:

"When any person indicted or informed against for an offense shall, on trial, be acquitted by reason of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause; and thereupon, if the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the community, the court may order him to be committed to prison, or may give him into the care of his friends, if they shall give bonds, with surety to the satisfaction of the court, conditioned that he shall be well and securely kept, otherwise he shall be discharged."

The petitioner contends that the statute violates the following portion of the fourteenth amendment to the constitution of the Unied States:

". . . nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

It is further insisted that the statute violates the following provisions of §§ 3, 14, 21, and 22, of art. 1 of our state constitution:

"§ 3.    No person shall be deprived of life, liberty, or property without due process of law.

"§ 14.    Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted.

"§ 21.    The right of trial by jury shall remain inviolate, . . .

"§ 22.    In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; . . ."

Has the petitioner been deprived of due process of law in the premises? He was tried before a jury to whom he himself submitted the issue that he was insane when the crime was committed. He was permitted to fully introduce his evidence upon that subject, and the jury were instructed as to their duty in the premises. The verdict returned was in his favor upon the issue which he tendered, and he was therefore accorded due process of law and the right of trial by jury upon that subject. The jury found that he was insane, and it was the manifest duty of the court to enter some kind of a judgment upon the finding of the jury. The petitioner erroneously assumes that it was a judgment en-

tered in a new and original proceeding, without due process
of law and without opportunity for a hearing. It was, how-
ever, a judgment rendered upon the verdict of a jury, which
had been regularly returned in a proceeding wherein all
constitutional rights had been accorded. Should it have
been a judgment of discharge, according to petitioner his
liberty? He does not allege that he is now sane. The
solemn verdict of a jury, after due trial, establishes that
he was insane when the killing occurred. The record be-
fore us shows that the character of insanity considered was
not of a temporary sort, but was rather progressive and
permanent in its nature, by reason of epilepsy and congenital
conditions.

"The presumption being that general insanity once shown
to exist still continues, unless of a temporary sort, like the
delirium of drunkenness or a fever, the burden of proof to
establish a lucid interval or mental restoration rests upon
the party who asserts it." Schouler, Wills (3d ed.), § 189,
and cases cited.

In the chapter on the subject of Insanity, in 16 Am. &
Eng. Ency. Law (2d ed.), under the discussion of the con-
tinuance of insanity of a permanent nature, at page 604 of
said volume, the following statement of the rule as to pre-
sumption is made:

"When habitual insanity in the mind of the person whose
act is in question is once established, then the party who
would take advantage of the fact of restoration to a sane
condition or of an interval of reason must prove it, for in-
sanity of that character is presumed to continue until the
contrary is shown."

Decisions from twenty-six of the American states are
cited in support of the above text, as well as a long list of
English decisions. With such an array of citation, it would
seem that the rule is well established, and that a review
of the decisions is unnecessary. We have examined a num-
ber of the authorities cited, and find that they fully sustain

the rule announced by the textwriter, that, when insanity of a permanent character is once established, it is presumed to continue, and the presumption prevails until the contrary is shown, the burden of showing which is upon him who asserts sanity. Therefore, inasmuch as it was a fact established after a full hearing that the petitioner was insane at the time of the homicide, the presumption is that the same condition continues, and the burden is upon him to show to the contrary. The record does not show that he has ever offered to make such showing to the court below, but rather that he demands his release as an absolute right.

We have thus seen that, as to the issue of insanity, the petitioner was accorded the constitutional rights of due process of law, trial by jury, and the privilege of appearing and presenting his case in person and by counsel. The additional constitutional objection urged is that no cruel punishment shall be inflicted. The statute authorizes the court, among other things, to commit one acquitted by reason of insanity to prison. No particular prison is specified, and it may be reasonably inferred that any prison coming within the committing jurisdiction of the court trying the cause may be selected, such as the county jail of the proper county, or the state penitentiary. In this instance the commitment was to the county jail.

May the state, in the exercise of its sovereignty and in its endeavor to protect its people from dangerous insane characters, provide for their confinement in a prison? It is the policy of the state to confine such persons, but it is ordinarily done in an sylum, and not in a prison, so-called. We know of no reason, however, why the state may not classify insane persons and require that those whose dangerous tendencies have been manifested by the perpetration of acts imperiling the safety of the community shall, after a full hearing establishing the fact of insanity, be confined in prison while that condition continues. While confinement of any character may, in a sense, contain elements of cruelty,

yet the safety of the people requires that such persons shall be confined.

It is urged that the order of the court is void for uncertainty, in that it is indefinite as to time. The imprisonment is to continue until the further order of the court. The order conforms to the statute in that particular. No time is specified in the statute for the duration of the imprisonment. In the nature of the subject treated by the statute, it must be so. It was the undoubted intention of the legislature that imprisonment shall not be continued after restoration to sanity, and that the court shall so retain control of its order in the premises that it may afterwards modify it to suit changed conditions of mind or body, as they may be made to appear. Such an order is analogous to one disposing of the custody of the children in a divorce proceeding, which is made to continue until further order of the court, and subject to modification with changed conditions. Although the fact of insanity has been regularly established, and that condition is presumed to continue until the contrary is shown, yet the petitioner has the undoubted right at any time to assert that he is restored to sanity, and to demand that the court shall duly investigate that subject. The statute in no way attempts to prevent such a demand upon his part, and cannot be held to be invalid on the ground that it prevents him from exercising such privilege.

The petitioner cites *Underwood v. People,* 32 Mich. 1, in support of his contention against this legislation; but an examination of that case discloses that the Michigan statute provided that one acquitted on the ground of insanity should remain confined in an asylum until an investigation as to his restoration should be set in motion by the prison inspectors. The court said: "It practically leaves the liberty of the person confined to depend upon the uncontrolled pleasure of the inspectors." Under that statute the prisoner could take no step on his own initiative, but was left entirely to the will of others. Such a provision manifestly

violated a personal right. But our statute makes no such attempt to prevent the exercise of a fundamental privilege. The petitioner quotes extensively in his brief from a note in Cooley, Torts (2d ed.), pp. 206, 207. The quotation does not, however, conflict with our argument above that, with the presumption of insanity continuing, confinement is enforcible when the law does not attempt to prevent a judicial investigation as to restored sanity, and which may be initiated at the pleasure of the one confined.

We find no constitutional objections to the statute, and the order of the court is in strict conformity with its provisions. For the foregoing reasons, we think the petitioner has not shown sufficient grounds for his discharge, and the writ is denied.

MOUNT, C. J., FULLERTON, CROW, RUDKIN, ROOT, and DUNBAR, JJ., concur.