AlléN, J.,
 

 dissenting. I dissent from the judgment, upon the ground that there is not a syllable of proof in-this record that Remus has been restored to reason since the adjudication of his insanity. Section 1976, General Code, provides that
 
 *182
 
 a decision that an applicant for the writ of
 
 habeas corpus
 
 is insane “shall be no bar to the issuing of the writ a second time, if it is alleged that such person has been restored to reason.” This provision necessarily requires that at the trial in the second
 
 habeas corpus
 
 action, upon the question of insanity, it must be proved that the applicant has been restored to reason, for, when an allegation of fact is made material by statute in a pleading, surely the pleader must prove that fact. This provision constitutes a legislative recognition by this state of the well-established rule that insanity, once shown to exist, is presumed to continue. As stated in 29 Corpus Juris, 106:
 

 “But the presumption of a continuance of a state of facts once found to exist, establishes,
 
 prima facie,
 
 the present insanity of one formerly found to be insane, and casts the burden of proof upon the petitioner to show a recovery of sanity by competent and sufficient evidence, in default of which the writ will be dismissed and the petitioner remanded.”
 
 In re Brown,
 
 39 Wash., 160, 81 P., 552, 1 L. R. A. (N. S.), 540, 109 Am. St. Rep., 868, 4 Ann. Cas., 488.
 

 And, indeed, it is laid down in eminently respectable case authority that this element, namely, proof of change of mental condition, must affirmatively appear in order to justify the release of one formally adjudicated to be insane.
 
 Commonwealth
 
 v.
 
 Baginski,
 
 85 Pa. Super. Ct., 47;
 
 Commonwealth, ex rel. Bickel,
 
 v.
 
 Bennett,
 
 18 Phila. Rep., 432;
 
 People, ex rel. Thaw,
 
 v.
 
 Lamb, Supt.,
 
 (Sup. Ct.) 118 N. Y. S., 389;
 
 People, ex rel. Peabody,
 
 v.
 
 Baker,
 
 59 Misc. Rep., 359, 110 N. Y. S., 848:
 
 In re Ostatter,
 
 103 Kan., 487, 175 P., 377;
 
 In re Palmer,
 
 26 R. I., 486, 59 A., 746.
 

 
 *183
 
 Counsel for Remus try to avoid the effect of this proposition by stating that their experts “never saw Remus, prior to the time of their examinations of him at the Lima State Hospital.” The pertinent inquiry arises as to why the witnesses who testified on behalf of Remus at this trial for murder, that he was insane at that time, witnesses who necessarily could have made the comparison of his condition in 1927 and at the time of the hearing in the Court of Appeals, were not subpoenaed to prove a change of mental condition, if such existed. It is significant of the present distortion of the defense of insanity in murder cases that not one of these witnesses who testified at the original trial, upon whom Remus relied to exonerate himself of the charge of murder, was called in the instant proceeding.
 

 This record shows no change in the mental condition of Remus since December 23, 1927. Hence proof of a material and essential allegation necessary to the judgment is completely lacking.