[No. 26843. Department One. December 13, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY O. HARTMAN, *Appellant*.[1]

*C. S. Goshert,* for appellant.

*B. Gray Warner, Grant G. Calhoun,* and *Harry A. Bowen,* for respondent.

HOLCOMB, J.—Appellant was convicted of felony in 1934. A defense of insanity was interposed. The verdict of the jury was in accordance with that defense,

[1]Reported in 74 P. (2d) 226.

with the additional finding that appellant was insane at the trial and such condition was likely to recur. Hence, appellant was confined in the criminal insane ward at the penitentiary.

On February 26, 1937, appellant filed a petition for discharge from custody upon the ground that, since his commitment in July, 1934, he had become sane and a safe and responsible person to be at large. The trial court denied his petition for discharge.

This appeal is upon the transcript, no statement of facts being brought up. The petition incorporates the certificate of the present chief physician of the penitentiary, which contains this paragraph:

"The passage of time has convinced me that the purpose and object of his confinement has been definitely fulfilled, and I have been given no cause to change my opinion and belief that he, Harry O. Hartman, inmate No. 15677, has recovered his sanity; is now a safe and responsible person to be at large, and it is not likely that his former mental or irresponsible condition would return."

At the time of the hearing, the state demurred orally to the petition and after argument the court sustained the demurrer. Thereupon, the petition was dismissed, from which dismissal this appeal was taken.

References are made by appellant to a prior hearing on May 5, 1936, and to depositions presented at that hearing. That record is not before us, and those matters cannot be considered.

■ Rem. Rev. Stat., § 6970 [P. C. § 9298], so far as material to this proceeding, reads:

" . . . The judgment of remission shall be conclusive that the petitioner is an unsafe person to be at large at the time of its entry; but if he shall subsequently claim to have become sane and a safe person to be at large, he may upon a certificate of probable cause by the attending physician, which will show a change in his mental condition since the last trial, his present

sanity and fitness to be at large, again petition for discharge, and the proceedings thereon shall be as hereinabove provided."

"The law contemplates that, before one may be discharged, it is necessary that there be a change in his mental condition; in other words, that he has become sane and a safe person to be at large since his commitment." *State v. Garrison,* 137 Wash. 577, 243 Pac. 373.

There is nothing to the contrary in the later decision as to the sanity of the same prisoner in *State ex rel. Colvin v. Superior Court,* 159 Wash. 335, 293 Pac. 986, 73 A. L. R. 555. On the contrary, we there reaffirmed the prior decision, saying:

"That case was correctly decided, and we adhere to all that was said in that decision."

The statute is the same as when those two cases were decided. It is manifest that the certificate falls short of the statutory requirement as held in those cases.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.