[No. 29622. *En Banc.* April 20, 1945.]

THE STATE OF WASHINGTON, *on the Relation of John Panesko, Plaintiff*, v. THE SUPERIOR COURT FOR LEWIS COUNTY, *Respondent.*[1]

J. H. Jahnke, for relator.

W. N. Beal and James Stinson, for respondent.

MALLERY, J.—On the 15th day of September, 1941, James Russell was charged by information filed in the superior court of Lewis county with the murder of William Daniel

[1] Reported in 158 P. (2d) 88.

Russell, his brother. To this information, the defendant entered a plea of not guilty and a plea of insanity at the time of the commission of the act. Thereafter he was tried in the superior court for Lewis county, and the jury returned a verdict of not guilty of the crime as charged in the information and especially found: First, that James Russell did shoot and kill William Daniel Russell as charged in the information; second, that the defendant was not guilty of the crime by reason of his insanity or mental irresponsibility at the time he shot and killed William Daniel Russell; third, that the insanity or mental irresponsibility continued or still existed at the time of the trial and rendition of the verdict. Judgment was made and entered by the court upon the special findings, and he was committed to the criminal insane ward at the state penitentiary at Walla Walla, Washington.

He filed a petition in the superior court of the state of Washington for Lewis county on February 15, 1945, praying for a release from custody on the ground that, since his incarceration in the penitentiary, he had regained his sanity and is now a safe person to be at large.

Thereafter, James Russell, on or about the 6th day of March, 1945, caused an application to be served upon the relator for an order directing the warden of the Washington state penitentiary to return the petitioner to Lewis county for trial upon the petition. The application for transfer of petitioner to Lewis county, Washington, came on for hearing before the superior court of Lewis county on the 13th day of March, 1945, with the Honorable John I. O'Phelan sitting as judge thereof. A motion to dismiss the petition was served upon the petitioner on the 7th day of March, 1945. The motion was made upon the following grounds: That no sufficient certificate has been issued by the physician in charge of the criminal insane at the state penitentiary at Walla Walla as provided by statute, and that the court has no jurisdiction to proceed with a hearing in the cause nor to hear or determine any application for any interlocutory orders therein.

His motion not being granted, relator here seeks a writ of prohibition upon the ground that, if the jury hearing is

had, he will not be able to raise the jurisdictional question presented in his motion in an appeal because of the statutory provision of Rem. Rev. Stat., § 6970 [P. C. § 9298], which among other things provides:

"The sole issue to be tried in the case shall be whether the person petitioning for a discharge has, since his commitment, become a safe person to be at large, . . . Either party may appeal to the supreme court from the judgment discharging the petition or remitting him to custody, in the same manner that appeals in other cases are taken."

He therefore contends that he has no adequate remedy by appeal.

However that may be, since a writ of prohibition issued in the case of *State ex rel. Colvin v. Superior Court,* 159 Wash. 335, 293 Pac. 986, 73 A. L. R. 555, wherein a similar question was involved, we will dispose of his application for the writ on the merits.

▉ The jurisdiction of the court to grant the order applied for by James Russell and to proceed with the trial of the cause before a jury under his petition is challenged upon the ground that the certificate issued by the physician in charge of criminal insane ward of the state penitentiary at Walla Walla is defective and insufficient to confer it.

The certificate reads in part as follows:

"I doubt that you have had the time to look into the matter pertaining to James Russell, No. 18952. Early last month there was held a hearing in the Superior Court Room of the Walla Walla County Court House. In this hearing there was shown a lot of evidence regarding the insanity of the above James Russell. On the basis of that evidence it becomes my legal duty to make the following statement: I have reasonable cause to believe that James Russell has become sane since commitment to the Penitentiary and that he is a safe person to be at large."

The pertinent part of Rem. Rev. Stat., § 6970, provides:

"When any person committed hereunder shall claim to have become sane or mentally responsible and to be free from danger of any relapse or recurrence of mental unsoundness and a safe person to be at large, he shall apply to the physician in charge of the criminal insane for an examination of his mental condition and fitness to be at large.

*If the physician shall certify to the warden that there is a reasonable cause to believe that such person has become sane since his commitment and is a safe person to be at large,* the warden shall permit him to present a petition to the court that committed him, setting up the facts leading to his commitment, and that he has since become sane and mentally responsible, and is in such condition that he is a safe person to be at large, and shall pray for his discharge from custody. . . ." (Italics ours.)

We quote the relator's contention:

"The Court has acquired no jurisdiction to order a trial upon the petition of James Russell nor to grant any orders in said cause except that of dismissal for the reason that no certificate has been issued in conformity of the statute, Sec. 6970, Rem. Rev. Stat.

"It is apparent from the foregoing provisions of the statute that an examination must be made by the physician in charge and that his certificate shall be based upon the examination and not upon something that he may have heard other than by his personal examination. In the determination of the existence of probable cause the physician acts judicially and must make such determination in accordance with the provisions of the statute.

"It has heretofore been held by this court that certificates which did not conform to the statute did not entitle the petitioner to a trial upon the issue of the restoration of his sanity. *State v. Garrison,* 137 Wash. 577, 243 Pac. 373; *State ex rel. Colvin v. Superior Court,* 159 Wash. 335, 293 Pac. 986; *State v. Hartman,* 192 Wash. 559, 74 P. (2d) 226.

"Whatever presumption that may have attached to the correctness of the physician's certificate that it might have been based upon an examination is overcome by his own recital therein wherein he makes the following statement:

" 'Early last month there was a hearing in the Superior Court Room of the Walla Walla County Court House. In this hearing there was a lot of evidence regarding the sanity of the above James Russell. On the basis of that evidence it becomes my legal duty to make the following statement: . . .'

"The relator contends therefore that the certificate is insufficient to confer jurisdiction upon the superior court of Lewis County."

The cases cited by relator all held that failure of the certificate to allege that there had been a change of mental

condition subsequent to incarceration, constituted a fatal defect. In the instant case, the certificate uses the language of the statute, viz:

"I have reasonable cause to believe that James Russell has become sane since commitment to the Penitentiary and that he is a safe person to be at large."

They are therefore not controlling on the question raised by relator. The statute provides that "he shall *apply to the physician* in charge of the criminal insane for an examination." (Italics ours.) It does not say that the examination must be by the physician exclusively or at all. We therefore cannot agree with relator's contention that an examination must be made by the physician in charge and that his certificate shall be based upon the examination.

Whatever may be said about the language of the statute,

"If the physician shall certify to the warden that there is a reasonable cause to believe that such person has become sane since his commitment and is a safe person to be at large, the warden shall permit him to present a petition to the court,"

being jurisdictional, the remainder of the statute appears to us to be merely directory. No form of the certificate is prescribed by statute. We hold the certificate to be sufficient because of its unequivocal averment that: "I have reasonable cause to believe that James Russell has become sane since commitment to the penitentiary and that he is a safe person to be at large."

The application for the writ is denied.

ALL CONCUR.