[No. 3085. Decided January 28, 1899.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CRONIN, *Appellant*.

MURDER—SUFFICIENCY OF INFORMATION—VERIFICATION—FORM OF VERDICT.

The verification of an information charging defendant with a crime, to the effect that it is true as the affiant "verily believes," is sufficient under Bal. Code, § 6833 (2 Hill's Code, § 1231), which provides that all informations shall be verified, but prescribes no particular form.

An information charging murder in the first degree states sufficient facts when it alleges that defendant, at a certain time and place, "purposely and of his deliberate and premeditated malice killed" deceased, "by then and there purposely and of his deliberate and premeditated malice shooting and wounding the said" deceased "with a pistol, which" defendant "then and there held in his hand."

A verdict returned by the jury signed by one member as "foreman," followed by the signatures of the other eleven, one of whom signs by mark, is in substantial conformity with the requirements of Bal. Code, § 6961 (2 Hill's Code, § 1325), which provides a form for guidance, to be signed by the foreman alone, but is directory merely.

Appeal from Superior Court, Thurston County.—Hon. HENRY S. ELLIOTT, Judge. Affirmed.

*Winstock & Israel,* for appellant.

*John R. Mitchell,* Prosecuting Attorney, and *Thomas M. Vance,* Assistant Attorney General, for The State.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was informed against by the prosecuting attorney of Thurston county for the crime of murder in the first degree; the information, with the verification thereto, being as follows (omitting the title):

" Comes now John R. Mitchell, county attorney and prosecuting attorney for Thurston county, state of Washington, and, the court being in session and the grand jury not being in session, gives the court to understand and be informed that one John Cronin is guilty of the crime of murder in the first degree committed as follows:

" He, said John Cronin in said county of Thurston on the 26th day of December, 1897, purposely and of his deliberate and premeditated malice killed Antonio Ferarri, by then and there purposely and of his deliberate and premeditated malice shooting and mortally wounding the said Antonio Ferarri with a pistol which he the said John Cronin then and there held in his hand.

" Dated at Olympia in said county and state the 20th day of January, 1898.

"JOHN R. MITCHELL,

" County Attorney and Prosecuting Attorney for the County of Thurston, Washington."

"State of Washington, County of Thurston, ss:

" John R. Mitchell, being duly sworn, deposes and says: That he is the county attorney and prosecuting attorney for the county of Thurston, state of Washington; that he has read the foregoing information, knows the contents thereof and the same is true as he verily believes.

" JOHN R. MITCHELL.

" Subscribed and sworn to before me this 20th day of January, 1898.            " A. L. CALLOW,

33—20 WASH.

" County Clerk and Clerk of the Superior Court of Thurs-
ton County, Wash."

After arraignment, the appellant moved to quash the
information because of insufficient verification, which mo-
tion being overruled, he demurred, alleging as grounds
that the information did not state facts sufficient to con-
stitute a crime. The demurrer was also overruled, and
on the appellant's plea of not guilty a trial was had, re-
sulting in a verdict of guilty of murder in the second
degree. The appellant thereupon moved an arrest of
judgment, which, after argument, was overruled and judg-
ment pronounced upon the verdict of the jury and the
appellant sentenced to the penitentiary for twenty years
at hard labor. The appellant in due time excepted to the
several orders and judgments of the court, and brings the
case here. He assigns that the court erred, (1) in refus-
ing to quash the information; (2) in overruling his de-
murrer; (3) in receiving the verdict returned by the jury;
and (4) in overruling his motion in arrest of judgment.

The statute (Bal. Code, § 6833, 2 Hill's Code, § 1231)
prescribes that " All informations shall be verified by the
oath of the prosecuting attorney, complainant, or some
other person." It is contended that this statute requires
a positive affirmation that the matter stated in the infor-
mation is true, and is not satisfied by an oath that it is
true as the affiant "verily believes." An information is a
pleading. It is the formal statement on the part of the
state of the facts constituting the offense which the defend-
ant is accused of committing. In other words, it is the
plain and concise statement of the facts constituting the
cause of action. It bears the same relation to a criminal
action that a complaint does to a civil action; and, when
verified, its object is not to satisfy the court or jury that
the defendant is guilty, nor is it for the purpose of evi-
dence which is to be weighed and passed upon, but is only

to inform the defendant of the precise acts or omissions with which he is accused, the truth of which is to be determined thereafter by direct and positive evidence upon a trial, where the defendant is brought face to face with the witnesses. The verification to the information, then, can have but one purpose, viz., to insure good faith in instituting the proceedings and to guard against vindictive and groundless prosecutions. No good reason can be assigned why this is not accomplished by an oath reciting that the acts or omissions charged are true as the affiant verily believes, as well as by the oath contended for by the appellant. If the charge is falsely, wilfully and corruptly made, perjury can be predicated upon the one form as well as upon the other. 2 Wharton, Criminal Law (10th ed.), § 1246; Roscoe, Criminal Evidence (8th ed.), *p. 845. And, inasmuch as the statute is silent as to which form of oath should be used, we feel constrained to hold that the required result is accomplished by the form used by the pleader in this instance.

The question raised by the demurrer to the information is not a new one in this state. The identical language used to set forth the crime charged is found in a form of indictment suggested by GREENE, C. J., in the case of *Leonard v. Territory,* 2 Wash. T. 381 (7 Pac. 872). This form was approved in *Timmerman v. Territory,* 3 Wash. T. 445 (17 Pac. 624), and in *Freidrich v. Territory,* 2 Wash. 358 (26 Pac. 976). In *State v. Day,* 4 Wash. 104 (29 Pac. 984), at the earnest request of the appellant, this form of information was re-examined by this court in an opinion by ANDERS, C. J., in which the objections to it were elaborately discussed, the grounds upon which it was sustained restated and its sufficiency again affirmed. Since that time it has been held sufficient by this court in *State v. Smith,* 9 Wash. 341 (37 Pac. 491), and is now the form almost, if not quite, universally used to charge

the crime of murder in the first degree by the public prosecutors throughout the state.   The attacks so repeatedly made upon this form would seem to indicate that this court's conclusions had not met with the entire approval of the bar; but to reverse our former holdings now would entail such grave consequences that such a course is not to be considered, and we must insist that the question is no longer an open one.

The verdict returned by the jury bears the signature of one member thereof, followed by the word "Foreman." Then follow the signatures of the other eleven, one of whom signs by mark.   It is objected that this is not a signing by a foreman, nor by twelve jurors, and that the verdict is thus contrary to law.   The section of the statute relating to the form of verdict to be returned by the jury in a criminal action (Bal. Code, § 6961, 2 Hill's Code, § 1325) requires only that the verdict substantially conform to the form therein prescribed.   This section is directory merely, and aside from the fact that, in our opinion, the verdict does substantially conform to the prescribed form, any verdict of a jury which clearly indicates the conclusion reached by it would be sufficient.

The motion in arrest of judgment, being founded upon the objections already discussed, requires no separate consideration.   The judgment is affirmed.

GORDON, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.