[No. 20469. Department One. March 28, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. PHINEUS SAFFRON, *Appellant*.[1]

[1] CRIMINAL LAW (274)—DEFENSE OF INSANITY—INSTRUCTIONS. Where, upon an issue as to insanity, many physicians testified that, in their opinion, the accused was insane at the time of the commission of the offense and the court had properly in-. structed the jury that the question was whether or not the accused had sufficient mental capacity at the time to distinguish between right and wrong, it is misleading and confusing to close the instructions with a statement that, in so far as evidence in support of the plea of insanity is concerned, the jury is "cautioned" not to take such evidence, if true, as in itself a justification or excuse for the alleged crime, and to consider it only to determine whether the accused had sufficient cause to distinguish between right and wrong.

[2] SAME (303)—INSTRUCTIONS—MISLEADING OR CONFUSING INSTRUCTIONS. Where an instruction in a criminal case was not only misleading and confusing but was emphasized by a "caution" to the jury, not elsewhere used, and the jury might have been misled upon a technical matter, it is prejudicial error, requiring a new trial.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 13, 1926, upon a trial and conviction of assault. Reversed.

[1]Reported in 254 Pac. 463.

*S. Edelstein,* for appellant.

*Chas. W. Greenough* and *Louis F. Bunge,* for respondent.

MITCHELL, J.—The defendant, Phineus Saffron, was charged by information with the crime of assault in the first degree in having wilfully and feloniously assaulted and shot R. L. Rutter with a revolver, with intent to kill him, in Spokane county, on March 10, 1926. Upon being arraigned, he pleaded not guilty and at the same time, under Rem. Comp. Stat., § 2174 [P. C. § 9294], filed in writing additional pleas, one of which was that, at the time of the commission of the alleged crime, he was insane and mentally irresponsible. The jury found him guilty as charged. He has appealed from a judgment and sentence on the verdict.

[1] The shooting was proved, indeed there was no attempt to deny it. The defense was devoted entirely to the special plea of insanity. The court gave the following instruction:

"In so far as evidence in support of defendant's plea of mental irresponsibility is concerned, you are cautioned not to take such evidence, if true, as in itself a justification or as an excuse for the alleged crime, if any, nor to prove justification for anger, hatred, revenge or an uncontrolled passion, or the momentary impulse of a sane mind; but you are to consider it, together with the evidence offered by the state, if any, in opposition thereto, to determine whether the accused had sufficient capacity at the time of committing the alleged act to distinguish between right and wrong with reference to the act complained of."

The giving of this instruction constitutes the only assignment of error. A fair understanding of the situation as it is presented to us requires that some notice be taken of the evidence introduced in support of the special plea of insanity; also, somewhat of the

other instructions to the jury. Ten non-expert witnesses, each well acquainted with the appellant, after testifying in detail to ample opportunities by way of conversations and observations which were described, and describing pecularities of the looks and actions of the appellant continuously for days prior to and down to the time of the shooting, testified that the appellant was insane and mentally irresponsible at all such times. A physician who was personally acquainted with the appellant, and saw him as he was retreating slowly from the scene of the shooting, testified that, in his opinion, the appellant was insane at the time of the shooting. Two other physicians, upon comprehensive, but fair, hypothetical questions, expressed the same opinion. Concerning the instructions, the one complained of was preceded by proper formal and introductory ones and many substantial instructions applicable to this particular crime and inquiry. They were fully and carefully worded. The jury had been instructed with reference to the plea of insanity, in almost so many words, that the question was whether or not the accused had sufficient mental capacity at the time of committing the act to distinguish between right and wrong with reference to it. That instruction was of course the sum total of the particular inquiry, expressed in plain and simple language. Later on came the instruction complained of, toward the close of all the instructions. In fact it was the last one of any consequence on this feature of the case.

Appellant's argument against the instruction is that it is contradictory, inconsistent within itself and misleading to the jury. On the contrary, the state contends that the appellant does not distinguish between evidence of mental irresponsibility and the ultimate fact of insanity, and that the instruction complained of

gives to the jury a correct process of reasoning to determine whether or not the appellant had the capacity to distinguish between right and wrong with reference to the act complained of.

If the instruction read to the effect that, admitting to be true the facts and circumstances testified to upon which witnesses based their opinions that the accused was insane, etc., then the case would be different. But it does not say that. It says, in effect, that in so far as evidence in support of defendant's plea of mental irresponsibility is concerned you are cautioned not to take such evidence, if true, as in itself a justification or as an excuse for the alleged crime, if any, but you are to consider it together with the evidence offered by the state, if any, in opposition thereto, to determine whether the accused had sufficient capacity at the time of committing the alleged act to distinguish between right and wrong with reference to the act complained of.

The question arises, what was embraced within the term evidence. Not simply those introductory matters, necessary to be outlined by non-expert witnesses before giving opinions on the subject of insanity, but it includes also the ultimate and important fact of insanity to which they testified. Opinion evidence of this sort is evidence; it is admitted as evidence. The evidence of these witnesses was that the accused was insane. It follows necessarily that the instruction was equivalent to saying that, if the jury found it to be true that the defendant was mentally irresponsible, it would be no excuse for the alleged crime, but that it should be taken into consideration by the jury in deciding whether or not the defendant could distinguish between right and wrong with reference to the act complained of. Plainly the instruction is misleading and confus-

ing. It contradicts itself. In speaking of the evidence not being taken as an *excuse* for the alleged crime, the language must be understood as the layman uses it, that is, as not exculpating, releasing, acquitting and extenuating; and it is not fair to the defendant to say to the jury, in effect, that if they believe it to be true that he was mentally irresponsible that they nevertheless were at liberty to find him guilty as charged or at all.

[2] The question arises whether the instruction constitutes reversible error. Such a question is not always free from difficulty under the rule that all of the instructions must be considered together. In this case it would be freer from trouble if the instruction lacked something that could be found elsewhere. But that is not its weakness. It is contradictory and misleading and it contains emphasis. The jury is *cautioned* in it. It is the only time the word *caution* is used in all of the instructions.

The case is similar in principle to *State v. Craig*, 52 Wash. 66, 100 Pac. 167, where a conviction and sentence were reversed because of an instruction to the effect that the defendant would not be accountable for his crime, if he was suffering from mental disease so complete that every faculty and power of his mind was affected by it, and that in consequence he was not capable of a single sound mental action, although other instructions favorable to the defendant were given. It was held that the instruction was contradictory, inconsistent and misleading because it denied the benefit of monomania or of partial insanity. In the present case, the defendant was denied the benefit or defense of mental irresponsibility. That is, mental irresponsibility would not of itself excuse the defendant, but that it should be considered by the jury in deciding whether

or not the defendant could distinguish between right and wrong concerning the act complained of—a contradiction in terms, misleading.   In the course of the opinion in the *Craig* case speaking of the offending instruction this court said:

"The court was assuming to instruct the jury upon a defense technical in so far as the layman is concerned, and the fact that the jury may have been misled by the improper part of the instruction is sufficient to warrant a reversal of this cause."

We think that course should be, and must be, followed in the present case, upon consideration of the whole record.   The judgment appealed from is reversed, and the cause remanded with instructions to the superior court to grant a new trial.

FULLERTON, FRENCH, and MAIN, JJ., concur.