[No. 22997. Department One. July 24, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. LEET VAUGHAN, *Appellant.*[1]

[1]Reported in 1 P. (2d) 888.

*Snively & Bounds* and *G. W. Hamilton,* for appellant.

*Geo. O. Beardsley* and *Charles L. Powell,* for respondent.

MAIN, J.—Leet Vaughan, with two others, was charged with crime by an information which contained three counts. The jury returned a verdict finding Vaughan guilty upon the first and second counts. After the verdict, motions in arrest of judgment and for a new trial were made, both of which were overruled. Judgment and sentence was entered, from which Vaughan appeals.

The first question goes to the sufficiency of count one in the information. This count charges that Vaughan, with the two others,

" . . . in the county of Benton, state of Washington, on the 28th day of May, 1930, did then and there being, with intent to commit the crime of robbery thereon go upon a west bound Northern Pacific freight train, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

Section 2651, Rem. Comp. Stat., provides that:

"Every person who, with intent to commit any robbery, burglary or larceny, shall go upon or board any train, motor, car or engine; . . . shall be punished by imprisonment in the state penitentiary for not less than five years."

The portions of the statute omitted, indicated by dots, have no bearing upon the present inquiry.

It will be observed that the information is substantially in the language of the statute which defines the

crime, and is sufficiently definite to inform a person of common understanding of the offense with which the defendant was charged; and this is all that is required. *State v. Wray,* 142 Wash. 530, 253 Pac. 801. The heading of the statute is "Attempt to Commit Train Robbery," but the offense defined in the body of the act is not an attempt to commit a crime, there being there defined a completed offense. The heading is a matter which is entirely immaterial, because the body of the act where the offense is defined is controlling.

In the case of *State v. George,* 79 Wash. 262, 140 Pac. 337, where the defendant was charged with an attempt to commit a crime which could be committed in more than one way, it was held that it was necessary to set out in the information the acts constituting the crime, so that the accused might know the charge he was called upon to meet. That case, however, is not applicable to the present situation. The offense here charged was that the appellant, with intent to commit the crime of robbery, went upon a west bound Northern Pacific freight train. It certainly was not necessary to charge in the information the manner in which he boarded the train. We see no defect in count one of the information.

The next question is whether count two is sufficient. In this count it was charged that the appellant and the two others, in the county of Benton, this state, on May 28, 1930,

". . . did then and there being, unlawfully and feloniously take personal property from the person of another against his will by means of force, violence and fear of injury to his person, to-wit: did take money and personal property from the person of Leo Spencer and Ray Thomas, against their will, by means of force, violence and fear of injury to their persons . . ."

In this count it is not charged that the money and personal property taken from Spencer and Thomas was their property, or property in which they had an interest. For this reason, it is claimed that the count is insufficient. Upon the trial, the evidence showed that the money and personal property belonged to the persons from whom it was alleged to have been taken. The question as to the sufficiency of this count, as well as of count one, was, for the first time, raised, by motion in arrest of judgment, after the verdict. Section 308-9, subd. 2, Rem. 1927 Sup., in part provides that

"An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right."

In this case, to consider the information amended in accordance with the statute would not prejudice the appellant in any substantial right. There was no controversy over whether Spencer and Thomas owned the money and personal property which had been taken from them, and the objection now raised cannot be said to be more than technical. This case differs from that of *State v. Steele,* 150 Wash. 466, 273 Pac. 742, because in that case there was a controversy over the ownership of the money which was alleged to have been taken in the robbery, and the question there was material and substantial.

The next question is whether the verdict as to count one is fatally defective. In that count, as stated, the appellant was charged with going upon a freight train with intent to commit robbery thereon. The verdict of the jury on this count was as follows:

"We, the jury in the above entitled cause, do find the defendant, Leet Vaughan, guilty of the crime of train robbery as charged in count No. 1 of the information."

This verdict misdescribes the crime, but definitely specifies the count. It is true that a verdict must be certain and responsive to the issue or issues submitted to the jury, but if a verdict is responsive to the issue or issues, additional words which are not a part of the legal verdict may be treated as surplusage. *State v. Snipes,* 185 N. C. 743, 117 S. E. 500; Bishop's New Criminal Procedure (2d ed.), vol. 2, p. 869, § 1005a. A verdict will not be considered void for uncertainty if its meaning can be ascertained by reference to the indictment or information. In 16 C. J. 1102, it is said:

"A verdict will not be void for uncertainty if its meaning can be determined by reference to the record, as by reference to the indictment or information."

In *State v. McCormick,* 56 Wash. 469, 105 Pac. 1037, it was held that a verdict finding a defendant guilty as charged in the "information" was not prejudicially erroneous from the fact that the trial was upon a "complaint," where the two words were used interchangeably throughout the trial. In the case now before us, the meaning of the verdict is made certain by reference to count one of the information. It specifically finds the appellant guilty upon that count. The verdict was not void for uncertainty.

Some objections to the instructions are made, but these objections are substantially covered in what has already been said. The instructions contained no error which was prejudicial to any substantial right of the appellant. In considering the instructions, we have assumed, without so deciding, that the exceptions taken thereto were sufficiently specific to satisfy the requirements of rule VI of this court.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.