[No. 31349. *En Banc.* October 9, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. JULIAN TUGAS, *Appellant.*[1]

[1]Reported in 222 P. (2d) 817.

*Tonkoff & Holst,* for appellant.

*Ronald R. Hull, Lincoln E. Shropshire,* and *Roberta Kaiser,* for respondent.

HAMLEY, J.—The two questions presented by the appeal in this capital case are whether the trial court erred in failing to accept and record a verdict of not guilty; and whether, in view of the verdicts returned, the court erred in com-

mitting appellant to the ward for the criminally insane at the state penitentiary.

Appellant was charged with the crime of murder in the first degree. He interposed two pleas to this information, namely, a general plea of not guilty, and a special plea of not guilty by reason of insanity or mental irresponsibility, and that the insanity or mental irresponsibility no longer existed. Appellant, in the course of the ten-day trial, offered evidence of self-defense as well as evidence of his mental condition at the time of the alleged commission of the crime charged. The trial court instructed the jury upon both defenses interposed by appellant. After deliberation, the jury announced that it had reached a verdict. Appellant, his attorneys, and the attorney for the state were brought into the court room and the jury returned to the jury box.

The questions presented by this appeal arise from the events which then ensued on the evening of the last day of the trial, November 23, 1949. No court reporter was present at this time. The description of these events therefore depends upon the recollection of the trial judge and of counsel, as recorded in subsequent proceedings to which reference will be made. While these recollections are not entirely harmonious, the trial court and respective counsel were apparently able to agree on most points.

The foreman of the jury handed two verdicts to the bailiff, who, in turn, handed them to the court. Both verdicts were signed by the foreman. One was a general verdict of not guilty. The other was a special verdict reading as follows:

"We, the jury in the above entitled cause, do find the defendant not guilty by reason of insanity or mental irresponsibility, and we do further find the following special findings:

"1. Does the jury acquit him because of his insanity or mental irresponsibility at the time of the commission of the crime? ANSWER: Yes.

"2. Does the insanity or mental irresponsibility continue and exist at the time of trial? ANSWER: No.

"3. If such condition of insanity or mental irresponsibility does not exist at the time of trial, is there such likeli-

hood of a relapse or recurrence of the insane or mentally irresponsible condition that the defendant is not a safe person to be at large? ANSWER: Yes."

Upon reading these verdicts, and without divulging their contents to respective counsel, the trial judge advised the jury that the verdicts were probably inconsistent. He then carried on a conversation with the members of the jury. The trial judge asked the members of the jury if it was their finding that appellant was not guilty by reason of the fact that he had not committed the act, or that he was acting in self-defense at the time of the commission of the act. It is the trial judge's recollection that the members of the jury "unanimously told the court that that wasn't their finding." The trial judge then asked the members of the jury if it was their finding that appellant was not guilty because of the fact that he was mentally irresponsible or insane at the time the act was committed. It is the trial judge's recollection that the members of the jury "unanimously agreed that that was their finding."

The jury's response to these inquiries was not obtained by polling the members of the jury individually. Whether the court's impression as to the unanimity of the responses was based upon oral declarations by each member of the jury, or by nodding of heads or other signs of affirmation or negation, or by silent acquiescence in oral statements by one or more members of the jury, is not revealed by the record.

Following this conversation with members of the jury, the trial judge told them that, in view of their responses, the general verdict of not guilty was an improper verdict. The judge stated that he would have to send the jury out again to correct its verdicts. Mr. Tonkoff, one of appellant's counsel, then indicated, in effect, that it would not be necessary for the jury to leave the jury box to accomplish the correction the court apparently had in mind. The trial judge then inquired whether there would be any objection to having the foreman of the jury strike or cross his name off as foreman on the general verdict of not guilty. Mr. Tonkoff indicated that this would be satisfactory with him. The

trial judge thereupon instructed the foreman of the jury to cross out his name on the general verdict of not guilty. This was done. The court then accepted and ordered filed the special verdict set out above. The jury was then discharged.

On December 9, 1949, the matter came before the trial court upon the state's motion for judgment and commitment, and upon appellant's motion for an order directing the clerk of the court to enter a general verdict of not guilty, or in the alternative, for an order reinstating the original general verdict of not guilty. During the course of the argument on these motions, the trial judge and respective counsel recorded their recollections of what had transpired when the jury returned its verdicts, as summarized above.

The trial court denied appellant's motion and indicated that it was about to sign the judgment and commitment. Appellant then obtained a continuance so that application could be made to this court for a writ of mandamus to compel acceptance of the general verdict of not guilty and for a writ of prohibition to prevent signing and entry of the proposed judgment and commitment. We denied these applications without prejudice to raising the same points on appeal from any judgment which might be entered. The judgment and commitment was entered on January 6, 1950, and appellant is now incarcerated in the ward for the criminally insane at the state penitentiary.

Appellant first challenges the action of the trial court in failing to accept and record the jury's general verdict of not guilty. As indicated above, the trial court's action in this regard was based upon the belief that the general verdict of not guilty purported to be an acquittal on some ground other than insanity and so was inconsistent with the special verdict which had been returned, and that a clarification was therefore necessary. Appellant, on the other hand, while agreeing with the trial court that the general verdict of not guilty purported to be an acquittal on some ground other than insanity, namely, self-defense, urges that the two verdicts are not inconsistent and both should have been received. In this connection appellant argues that one may be acquitted on the two grounds of self-defense and insanity,

and that this was accomplished by the forms of verdict here returned. The state takes the position that the two verdicts introduced an ambiguity requiring clarification, and that the court pursued the proper course in ascertaining the actual intent of the jury.

We agree with appellant that the two verdicts are not inconsistent and both should have been received. However, our reasons are quite different than appellant's, and lead to a different result.

The form of special verdict to be submitted to the jury where a plea of insanity or mental irresponsibility has been interposed, is prescribed by Rem. Rev. Stat., § 2175 [P.P.C. § 133-5], which reads as follows:

"If the plea of insanity or mental irresponsibility be interposed, and evidence upon that issue be given, the court shall instruct the jury when giving the charge, that *in case a verdict of acquittal of the crime charged be returned,* they shall *also* return *special* verdicts finding (1) whether the defendant committed the crime and if so, (2) whether they acquit him because of his insanity or mental irresponsibility at the time of its commission, (3) whether the insanity or mental irresponsibility continues and exists at the time of the trial, and (4) whether, if such condition of insanity or mental irresponsibility does not exist at the time of the trial, there is such likelihood of a relapse or recurrence of the insane or mental irresponsible condition, that the defendant is not a safe person to be at large. Forms for the return of the special verdicts shall be submitted to the jury with the forms for the general verdicts." (Italics ours.)

It will be observed that the statute requires the return of the special verdict if, *and only if,* the jury has returned a verdict of *acquittal* of the crime charged. The special verdict relating to insanity and mental irresponsibility is therefore intended as a means whereby the jury can explain the basis of a general verdict of not guilty, in those cases where evidence has been received in support of a plea of insanity or mental irresponsibility.

Several cases have been before us in which the jury returned a general verdict of *not guilty* and a special verdict answering the interrogatories as to insanity or mental irre-

sponsibility. It is worth noting that in none of these cases was the contention made that the two verdicts were inconsistent and would not support a judgment and commitment to the ward for the criminally insane at the penitentiary. Among such cases are: *State v. Garrison,* 137 Wash. 577, 243 Pac. 373; *State v. Saffron,* 146 Wash. 202, 262 Pac. 970 (kind of verdicts ascertained by examining briefs); *State ex rel. Colvin v. Superior Court,* 159 Wash. 335, 293 Pac. 986, 73 A. L. R. 555 (involving same verdicts as in *State v. Garrison, supra*); and *State ex rel. Panesko v. Superior Court,* 22 Wn. (2d) 892, 158 P. (2d) 88.

On the other hand, where a general verdict of *guilty* has been returned, we have held that it is unnecessary for the jury to answer the interrogatories propounded in the form of special verdict. *State v. Henke,* 196 Wash. 185, 82 P. (2d) 544; *State v. Davis,* 6 Wn. (2d) 696, 108 P. (2d) 641. We have, in fact, held that affirmative answers to such interrogatories would be inconsistent with a general verdict of guilty. *State v. Saffron,* 143 Wash. 34, 254 Pac. 463.

In the *Colvin* case, *supra,* where the jury entered a general verdict of *not guilty* and a special verdict affirmatively answering the interrogatories as to insanity and mental irresponsibility, we said:

"It is conceded that the judgment of commitment, above quoted, was rendered strictly in accordance with ch. 30, Laws of 1907, p. 33 [Rem. Rev. Stat., § 2175], so we need not notice the provisions of that act prescribing the procedure up to the rendering of such a judgment." (pp. 339-40)

In *State v. Henke, supra,* we said:

"It will be observed that the relevant statute, Rem. Rev. Stat., § 2175, provides only that *in the event of an acquittal* shall a special verdict be returned passing upon the question of insanity at the time of the trial." (p. 191) (Italics ours.)

In *State v. Saffron,* 146 Wash. 202, 262 Pac. 970, we said:

"Section 2175, *supra,* provides that, if the plea of insanity or mental irresponsibility be interposed, and evidence upon that issue be given, the court shall instruct the jury, when giving the charge, that *in case a verdict of acquittal of the crime charged be returned,* they shall also return special

verdicts finding [quoting the four interrogatories as set out in the statute]." (p. 205) (Italics ours.)

It is apparent from the foregoing that the special verdict returned here, reciting that appellant was acquitted because of insanity or mental irresponsibility, was not inconsistent with, but merely explanatory of, the general verdict of not guilty. The whole procedure whereby the trial court sought to have the jury make a choice between what the court assumed to be inconsistent verdicts was therefore unnecessary.

We are not called upon to decide whether there is an inconsistency between a verdict of acquittal on the ground of self-defense and a verdict of acquittal on the ground of insanity. Indeed, it seems unlikely that we shall ever be called upon to decide that question, since Rem. Rev. Stat., § 2175, does not appear to provide a way in which the jury can return a verdict of not guilty by reason of insanity *in addition* to acquittal on the ground of self-defense, or any other ground. Nor is it necessary for us to determine whether the method used by the trial court in seeking a clarification of the verdicts would, in any event, be proper. Neither of these questions would have arisen had not the trial court and counsel for both parties incorrectly concluded that, where a special verdict of acquittal by reason of insanity is returned, a general verdict of not guilty returned at the same time purports to acquit on some ground other than insanity.

It is understandable how the trial court and respective counsel were led to this conclusion. The statute prescribing the form of special verdict, Rem. Rev. Stat., § 2175, sets out only the four matters concerning which special findings are required. It does not specify that the special verdict shall contain an introductory paragraph of the kind here used, to the effect that the jury finds the defendant not guilty by reason of insanity or mental irresponsibility. But the practice of adding this introductory paragraph has been followed by some trial courts. Where this has been done, the jury has usually indicated a verdict of acquittal on the ground of insanity by merely returning the special verdict

and taking no action on the general verdicts of guilty or not guilty. Therefore, when the jury here returned the general verdict of not guilty in addition to the special verdict, a situation was presented different from that to which the court and counsel had become accustomed.

While, as indicated above, the general verdict of not guilty should have been accepted and recorded in the form first presented by the jury, the fact is that it was not. Acting under the direction of the trial court, the jury, in effect, withdrew its general verdict of not guilty. This having been done, there was nothing to accept and record with respect to that verdict. The form of verdict, with the name of the foreman of the jury crossed out, was then simply made a part of the general files in the case.

This leaves us with only the so-called special verdict to support the judgment. If the form of special verdict here used had been limited to the interrogatories listed in Rem. Rev. Stat., § 2175, then the verdict would be clearly insufficient to support the judgment. This is true because, under that statute, which is quoted above, such interrogatories are to be answered only "in case a verdict of acquittal of the crime charged be returned."

But, as noted above, the form of special verdict here used was not confined to the statutory interrogatories, but contained an introductory paragraph, not required as a part of the special verdict, reading as follows:

"We, the jury in the above entitled cause, do find the defendant not guilty by reason of insanity or mental irresponsibility, and we do further find the following special findings: . . ."

In our opinion, this introductory paragraph constitutes a verdict of acquittal of the crime charged. The fact that the reason for acquittal, to wit, insanity or mental irresponsibility, is also given, does not militate against this conclusion. Those words constitute mere surplusage and may be disregarded. This court has previously held that additional words which are not a part of the legal verdict may be treated as surplusage. *State v. Snider,* 32 Wash. 299, 73 Pac. 355; *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888.

Rem. Rev. Stat., § 2175, ends with the provision that "forms for the return of the special verdicts shall be submitted to the jury with the forms for the general verdicts." This does not explicitly state that such forms may not be combined on one sheet. If it were so construed, then each individual interrogatory would also have to be set out on a separate sheet, a practice which has rarely been followed. In any event, we are inclined to the view that any requirement which can be read into this language, with respect to setting out the form of general verdicts on a sheet separate from the form of special verdict, is directory and not mandatory. Accordingly, the failure here to set out the form of verdict of acquittal on a sheet separate from the special verdict is not of itself sufficient ground for reversal.

We therefore hold that the introductory paragraph, preceding the special verdict listing the statutory interrogatories, as here returned, accepted and recorded, constitutes substantial compliance with Rem. Rev. Stat., § 2175, requiring the return of a verdict of acquittal of the crime charged as a condition precedent to the return of the special verdict relative to insanity. It is therefore unnecessary for us to decide whether, under the circumstances, the separate general verdict of not guilty could be reinstated.

We now have to determine whether the proper judgment and commitment was entered. This brings us to appellant's second assignment of error. Under this assignment, appellant contends that the jury failed to make an essential finding necessary to support the judgment and commitment, and that the trial court's attempt to supply that finding was without effect.

Rem. Rev. Stat., § 2176 [P.P.C. § 133-7], relating to the judgment and commitment where the jury returns a special verdict of not guilty by reason of insanity, reads in part as follows:

" . . . *If the jury finds that the defendant committed the crime charged*, that he is acquitted because of his insanity or mental irresponsibility at the time of its commission, and that the insanity or mental irresponsibility still exists, or, if it does not exist, that he is so liable to a relapse or recurrence of the insane or mentally irresponsible con-

dition as to be an unsafe person to be at large, the court shall enter judgment in accordance therewith, and shall order the defendant committed as a criminally insane person until such time as he shall be discharged as hereinafter provided." (Italics ours.)

Rem. Rev. Stat., § 2175, *supra*, specifying the special findings to be returned where the jury intends to acquit by reason of insanity, provides that there shall be a finding as to whether the defendant committed the crime. The form of special verdict submitted to the jury in this case did not provide for any separate finding on this one point, and no separate finding on that point was made by the jury. The trial court, however, included in the judgment and commitment the following recital:

"WHEREAS, there necessarily inheres in said verdict a finding that the said defendant shot and killed the said Domingo Trangkuillio Tabbada at the time and place mentioned in the Information, on an occasion when he, the said defendant, was not acting in his own lawful defense; . . ."

It is, of course, desirable to follow the exact language of the statute in preparing the form of special verdict for the jury's use. However, a variance therefrom should not be considered fatal to the special verdict if the jury's actual findings on all four required points are clearly ascertainable from the form actually used. What the jury actually found, as set forth in the three special findings which were returned, was as follows:

"1. Does the jury acquit him because of his insanity or mental irresponsibility at the time of the commission of the crime? ANSWER: Yes.

"2. Does the insanity or mental irresponsibility continue and exist at the time of trial? ANSWER: No.

"3. If such condition of insanity or mental irresponsibility does not exist at the time of trial, is there such likelihood of a relapse or recurrence of the insane or mentally irresponsible condition that the defendant is not a safe person to be at large? ANSWER: Yes."

It is apparent from the answers to these interrogatories, and especially the first of these, that the jury found that appellant had committed the act charged, although

such finding is not set forth in so many words in the special verdict. A special verdict of the jury to the effect that it has acquitted the defendant "*because* of his insanity or mental irresponsibility *at the time of the commission of the crime*," by necessary implication amounts to a finding that a crime was committed, that the defendant committed the crime, and that he was being acquitted only because of insanity or mental irresponsibility at the time he committed the crime. This first special finding returned by the jury is not in the exact words of any of the specified points of inquiry set out in the statute, but, in effect, combines the first two of those statutory points.

█ It will be observed that Rem. Rev. Stat., § 2175, does not provide that the special findings (termed "verdicts") must be in the precise words of the statute. The statute does not purport to supply an exact form of special verdict. It merely lists four points concerning which there must be special findings, and provides that the jury shall be supplied with "forms for the return of the special verdicts." The most that can be said is that such special verdict may be in a form substantially corresponding to the wording of the four special findings set out in the statute.

So construed, this statute appropriately may be likened to Rem. Rev. Stat., § 2172 [P.P.C. § 140-51], providing that the general verdict of the jury "may be substantially in the following form: [specifying the form]." We have heretofore held such language to be directory and not mandatory. In *State v. Cronin,* 20 Wash. 512, 516, 56 Pac. 26, we said:

"The section of the statute relating to the form of verdict to be returned by the jury in a criminal action (Bal. Code, § 6961, 2 Hill's Code, § 1325) requires only that the verdict substantially conform to the form therein prescribed. This section is directory merely, and aside from the fact that, in our opinion, the verdict does substantially conform to the prescribed form, any verdict of a jury which clearly indicates the conclusion reached by it would be sufficient."

█ Even if it can be said that the form of special verdict leaves a doubt as to whether the jury intended to find that appellant committed the crime charged, that doubt is defi-

nitely and properly removed by referring to the record. Such procedure has been sanctioned by this court as a proper method of clarifying vague or ambiguous verdicts.

In *State v. Domanski,* 9 Wn. (2d) 519, 115 P. (2d) 729, the verdict was challenged on the ground of vagueness because it failed to state the place of appellant's prior convictions. In affirming, we said:

"The form of the verdict consisted of affirmative answers to interrogatories as to whether appellant had been convicted upon the former occasions, and setting forth appellant's name, the crime, and the date of conviction.

"If by reference to the record, particularly the information, the verdict can be explained or the absent detail can be shown, it is sufficient to sustain the judgment. 23 C. J. S. 1077-78, § 1398; *State v. Burnett,* 144 Wash. 598, 258 Pac. 484; *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888. In the case at bar, both the supplemental information and the evidence contain the places of appellant's prior convictions. Therefore, with these references in the record together with the verdict, its meaning and all the necessary parts thereof are sufficiently clear to support the judgment and sentence." (p. 523)

See, also, *State v. Vaughan, supra.*

■ Referring to the record in the instant case, it appears that appellant entered two pleas, namely, self-defense and insanity. Each of these pleas necessarily implies that appellant committed the act charged. The record also shows that appellant admitted, on the witness stand, that he committed such act. It is therefore apparent that there was no basis in the pleadings or evidence whereby the jury could have found otherwise than that appellant committed the crime charged. The jury rejected the defense of self-defense, and its special verdict, acquitting appellant by reason of insanity or mental irresponsibility "at the time of the commission of the crime," could mean only "at the time of *his* commission of the crime."

The above-quoted paragraph of the judgment and commitment was not a finding of fact on this matter by the court, but merely a recital, consistent with our views expressed above, that the jury had, by necessary inference,

made this finding. The proper judgment and commitment was entered.

The judgment is affirmed.

ALL CONCUR.

