[No. 47622–5.    En Banc.    December 24, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIE
R. DAY, *Petitioner.*

*K. R. St. Clair,* for petitioner.

*C. Thomas Moser, Prosecuting Attorney,* for respondent.

DIMMICK, J.—Petitioner was convicted in Skagit County of driving while intoxicated in violation of RCW 46.61.506.[1] The Court of Appeals affirmed the conviction. We reverse.

The sole issue presented for review is whether RCW 46.61.506 applies to the particular facts of this case. We hold that the statute is not applicable. We expressly limit this determination to the unique facts herein.

The facts are not in dispute. In November 1978, petitioner was driving an unlicensed 1971 Ford pickup rapidly in circles in a field owned by his parents. He was not on or near a public road. He was never observed driving on a public road or driving on property where the public had a right to be. A Skagit County deputy sheriff observed the erratic behavior from a public road, entered upon the private land and arrested petitioner for driving while under the influence of alcohol and/or drugs. Petitioner was clearly under the influence at the time of the incident.

RCW 46.61.506 prohibits driving while under the influence of intoxicants "within this state."[2] RCW 46.61.005(2) provides that this prohibition shall apply "upon highways

---

[1]The statute was renumbered from RCW 46.61.506 to 46.61.502 in 1979. The pertinent language herein was not affected.

[2]RCW 46.61.506 was enacted by Laws of 1969, ch. 1, § 3 (Initiative 242, § 3) and provided:

"(1) It is unlawful for any person who is under the influence . . . to drive . . . a vehicle within this state."

RCW 46.61.502 was enacted by Laws of 1979, 1st Ex. Sess., ch. 176, § 1 and now reads:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state . . ."

and elsewhere throughout the state."[3] The interpretation of these provisions is a question of first impression in this state. Although other states have dealt with similar statutory language, none have dealt with facts similar to those in the instant case.

█ Interpretation of the statutory scheme involved herein requires us to construe the provisions so as to make them purposeful and effective. *Mason v. Bitton*, 85 Wn.2d 321, 326, 534 P.2d 1360 (1975); *State v. Felix*, 78 Wn.2d 771, 776, 479 P.2d 87 (1971); *O'Connell v. Conte*, 76 Wn.2d 280, 287, 456 P.2d 317 (1969). We should avoid a literal reading resulting in unlikely, absurd or strained consequences. The spirit or purpose of an enactment should prevail over the express but inept wording. *State v. Burke*, 92 Wn.2d 474, 478, 598 P.2d 395 (1979); *Alderwood Water Dist. v. Pope & Talbot, Inc.*, 62 Wn.2d 319, 382 P.2d 639 (1963). A statute should be construed in light of the legislative purposes behind its enactment. *Washington State Nurses Ass'n v. Board of Medical Examiners*, 93 Wn.2d 117, 121, 605 P.2d 1269 (1980).

█ Accordingly, in ascertaining whether "elsewhere throughout the state" includes the facts of the instant case within its scope, we must examine the purpose of the statute. In *State v. Moore*, 79 Wn.2d 51, 483 P.2d 630 (1971), we analyzed the validity of the statutory provision authorizing chemical tests to determine blood alcohol content and noted the danger posed by drunk drivers. In our discussion we stated that the law was an "effort to control or reduce the drunk–driver hazard to highway safety". *Moore*, at 53. The Court of Appeals in *Fritts v. Department of Motor Vehicles*, 6 Wn. App. 233, 492 P.2d 558 (1971), also

---

[3]RCW 46.61.005 was enacted by Laws of 1965, 1st Ex. Sess., ch. 155, § 1 and provides:

"The provisions of this chapter relating to the operation of [motor] vehicles refer exclusively to the operation of vehicles upon highways except:

" . . .

"(2) The provisions of . . . 46.61.500 through 46.61.520 shall apply upon highways and elsewhere throughout the state."

recognized the purpose of the statute as an "effort to reduce the hazard the drunk driver presents to the traveling public . . ." *Fritts*, at 241. The statutory provisions dealt with by the courts in *Moore* and *Fritts* were also adopted by the electorate as Initiative 242.

Drunk drivers do indeed create a menace to the public. The statutory provisions at issue here are clearly meant to control such a hazard and protect the public from the perils caused by it.[4]

In order to be valid, prohibitions such as the one in question must be reasonable. As we stated in *State v. Spino*, 61 Wn.2d 246, 250, 377 P.2d 868 (1963):

> The rule is that, to justify any law upon the theory that it constitutes a reasonable and proper exercise of the police power, it must be reasonably necessary in the interest of the health, safety, morals, or welfare of the people. This exercise of police power must pass the judicial test of reasonableness. . . . Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property . . .

(Citation omitted.)

In light of the purpose of the statutes and the unique facts herein, it would be an unreasonable exercise of police power to extend the prohibition to petitioner's conduct. He was posing no threat to the public. This is not a case where it is logical to assume he would leave the private

---

[4]The purpose of the statutes may also be gleaned from several other considerations. First, the title of the act enacting RCW 46.61.005 is "Motor Vehicles—Rules of the Road" and contains general traffic rules. Laws of 1965, 1st Ex. Sess., ch. 155, § 1. It is a well recognized rule of statutory construction that the title of the act may be resorted to as one means of ascertaining intent. *In re Estate of Kurtzman*, 65 Wn.2d 260, 265, 396 P.2d 786 (1964). In addition, although not persuasive, one may look to RCW 46.61.504 prohibiting actual physical control of a vehicle while intoxicated. Pursuant to RCW 46.61.005(2) the prohibition of .504 also applies to "elsewhere throughout the state". The statute, however, as enacted in 1979 provides that a person is not guilty of a violation if prior to pursuit he has moved the vehicle safely off the roadway. This exception appears to be a recognition that the purpose of prohibiting control of a vehicle while intoxicated is to protect the public. Once the person is safely off the roadway he is no longer posing a threat to the public and thus not guilty under RCW 46.61.504.

property and pursue a course along a public roadway. The vehicle was unlicensed and he was not on or even near a public road. In addition, the land on which he was driving was privately owned and the public had no right to be there nor was the public expected to be on the property. His arrest did not further the purpose of the statute in any way.[5]

Accordingly, we hold that the unique facts presented by this case do not fall within the scope of the statutory scheme.

BRACHTENBACH, C.J., and DOLLIVER, HICKS, WILLIAMS, and DORE, JJ., concur.

ROSELLINI, J. (dissenting)—I cannot agree with the majority that Laws of 1969, ch. 1, § 3 (now RCW 46.61.502) is open to interpretation. That provision plainly states that it is unlawful to drive a vehicle *within this state* while under the influence of intoxicants. If there were any doubt about it, that doubt is removed by RCW 46.61.005 which says in pertinent part:

The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

. . .

(2) The provisions of . . . RCW 46.61.500 through 46.61.520 shall apply upon highways and elsewhere throughout the state.

It is the duty of this court to give effect to all of the provisions of a statute. An act must not be construed so as to nullify, void or render meaningless or superfluous any section or words. *Taylor v. Redmond,* 89 Wn.2d 315, 571 P.2d 1388 (1977). This is precisely what the majority has done with the words "within this state" and "elsewhere through-

---

[5]Although we hold that petitioner's conduct was not in violation of RCW 46.61.506, we recognize that an officer may still investigate under these circumstances. The officer having probable cause to believe the petitioner was operating a vehicle while intoxicated could investigate to determine who owned the property, whether the car belonged to petitioner and any other pertinent facts.

out the state. "

The majority looks to the title of Laws of 1965, 1st Ex. Sess., ch. 155 for support for its view that the provisions of RCW 46.61.502 were meant to apply only to intoxicated drivers who pose an immediate threat to other persons. It is true that the title of an act may be resorted to for aid in construing an ambiguous statute. We do not have before us such a statute. Moreover, section 1 of Laws of 1965, ch. 155 expressly declares that this section should apply upon highways and elsewhere throughout the state. The body of a statute controls its meaning, rather than the heading. *State v. Vaughan,* 163 Wash. 681, 1 P.2d 888 (1931).

In its footnote 4, the majority also cites RCW 46.61.504, while commendably observing that it is not persuasive. Indeed that section, which evidently pertains to a person who is in control of a vehicle but not presently operating it, has no application here. The legislature could reasonably find that an intoxicated person in control of a vehicle but not operating it, does not present the same threat as one who is driving a vehicle, where the vehicle has been moved to a "position of safety". The only "position of safety" under those circumstances would be a stationary position. That is not the situation here.

I agree with the majority that the legislature doubtless found that intoxicated drivers constitute a menace to the safety of others. But I do not find in the statute any indication that the legislature considered the threat to exist only on the highways of the state. The language of the act is to the contrary. Furthermore, I do not agree that the only reasonable purpose to be served by the legislation was protection of others from the immediate threat posed by an intoxicated driver. An automobile being driven can move very quickly from a position of relative safety to one of great danger. The fact that the defendant was off the road and posed no immediate threat did not mean that he would not tire of driving his vehicle in circles and take to the road—or that he posed no threat to property or whatever life there might be in the area. Moreover, the legislature

had a right to consider the threat that an intoxicated driver poses to his own safety. That the legislature may properly enact laws for the protection of the persons upon whom their burdens are placed, *see State v. Laitinen,* 77 Wn.2d 130, 459 P.2d 789 (1969), *cert. denied,* 397 U.S. 1055 (1970) (motorcycle helmet law sustained); *accord, State v. Zektzer,* 13 Wn. App. 24, 533 P.2d 399, *review denied,* 85 Wn.2d 1013, *cert. denied,* 423 U.S. 1020 (1975); *and see State v. Smith,* 93 Wn.2d 329, 610 P.2d 869 (1980).

This court has today read into the statute an exception which its language will not tolerate and which I fear will soon be back to haunt us.

I would affirm the Court of Appeals.

UTTER, J., and CUNNINGHAM, J. Pro Tem., concur with ROSELLINI, J.