**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30180 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00326-RAJ-1 |
| v. | |
| JERRY WOOD, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 10, 2015[**]
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and LEFKOW,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan Humphrey Lefkow, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

Jerry Wood, a felon on probation, challenges a district court order revoking his term of supervised release and sentencing him to six months of federal detention. The district court found that Wood violated the conditions of his release by being around children and driving with a suspended license. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Mr. Wood violated a condition of his release which prevented contact with children unless "supervised by an adult[] who has been approved in advance by the sexual deviancy therapist *and* the supervising probation officer." Wood argues that his mother was approved as a supervising adult for his own children, and his sexual deviancy therapist led him to believe his mother could supervise his contact with all children. But Wood needed his probation officer's approval. Because it is undisputed that Wood's probation officer never approved his mother as a supervising adult for his girlfriend's children and in fact warned Wood to stay away from them, the district court properly found that Wood violated the condition of his release prohibiting contact with children. Given that the district court's decision is well supported in the record and primarily based on unreviewable credibility determinations, we hold that the district court did not clearly err or abuse its discretion in finding Wood violated the condition of his release preventing contact with children and therefore

2

revoking his term of release. *See United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011); *United States v. Lomayaoma*, 86 F.3d 142, 146–47 (9th Cir. 1996).

Wood also argues, based on RCW 46.61.005, that he cannot be guilty of driving with a suspended license when he did not enter a public highway. But RCW 46.61.005 states that driving crimes generally apply only on highways except "[w]here a different place is specifically referred to in a given section." RCW 46.20.342, the section at issue here, was specifically amended in 1990 to remove and replace "on any public highway of" with "in" to broaden its application to all vehicles driven anywhere "in this state." *See* S.S.B. No. 6608, 51st Les. (Wash. 1990). Based on this legislative history, the district court held that driving on a highway was not a requirement under the statute. We review this issue of statutory interpretation *de novo. Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011). Given the legislative history and unambiguous language of RCW 46.20.342, we agree with the district court's interpretation. We also reject the defendant's reliance on *State v. Day*, 638 P.2d 546 (Wash. 1981) (en banc), primarily because Wood drove down a shared, public driveway that connects to a public road unlike the defendant in *Day*. Therefore, the district court did not err in finding that Wood violated his release conditions by driving with a suspended license.

**AFFIRMED**.