409 So.2d 57 (1982)
John ZERWECK, Appellant,
v.
STATE of Florida, COMMISSION ON ETHICS, Appellee.
No. 80-1203.
District Court of Appeal of Florida, Fourth District.
January 6, 1982.
Rehearing Denied February 16, 1982.
*59 David R. Mackenzie, of Allsworth, Doumar, Schuler, Padula & Laystrom of Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Patricia R. Gleason, Asst. Atty. Gen. and Philip C. Claypool, Staff Atty., Commission on Ethics, Tallahassee, for appellee.
HURLEY, Judge.
Appellant, a former commissioner and mayor of the City of Margate, challenges the applicability and constitutionality of Section 112.313(7)(a), Florida Statutes (Florida's Code of Ethics for Public Officers and Employees). We hold that the Code governed appellant's conduct as a public official, that it is not unconstitutionally vague, and that the Commission on Ethics finding of a code violation is supported by substantial, competent evidence. Accordingly, we affirm.
John Zerweck was elected to the Margate City Commission in 1974. He was reelected in 1976 and 1978. From March, 1977, through August, 1979, he served as mayor of Margate. In June of 1978, Mr. Zerweck accepted the position of development coordinator for DJM Properties, Inc., an industrial site developer engaged in the business of building and leasing warehouse facilities in the City of Margate. In this management-level position, Mr. Zerweck was responsible for the leasing of space, the control and direct maintenance of all warehouse properties, approval of bills, ordering of materials and equipment, coordination of construction schedules, hiring of subcontractors, obtaining building permits from the city, and requesting and coordinating city building department inspections of DJM warehouse properties. Between June, 1978, and January, 1980, forty-two items came before the Margate City Commission which affected, directly or indirectly, property owned by DJM Properties or David J. Mears, the controlling stockholder of DJM Properties, Inc. On each of these occasions Mr. Zerweck acknowledged his relationship with DJM Properties and either abstained from voting or voted and filed a voting conflict statement.
In November, 1979, a complaint was filed with the State Commission on Ethics charging Mr. Zerweck with a violation of Section 112.313(7)(a), Florida Statutes (1979). That statute provides in part:
No public officer ... shall have or hold any employment ... with any business entity ... which is subject to the regulation of ... an agency of which he is an officer ..., nor shall an officer .. . have or hold any employment ... that will create a continuing or frequently recurring conflict between his private interests and the performance of his public duties or that would impede the full and faithful discharge of his public duties.
After a hearing, the Commission on Ethics found that Mr. Zerweck's "employment with DJM Properties, Inc., posed a frequently recurring conflict with public duties." The Commission noted, however, that Mr. Zerweck had sought advice from the Margate city attorney as to possible conflicts of interest prior to accepting employment with DJM Properties and had sought an advisory opinion from the Commission on Ethics before any complaint was filed. The Commission further noted that Mr. Zerweck was no longer in office and, therefore, concluded that "nothing is served by either a determination of violation or imposition of any penalties." This appeal ensued.
At the outset, we reject the state's contention that Mr. Zerweck is not entitled to judicial review due to the Commission's alleged failure to make a "formal determination" of violation and its decision not to impose a penalty. Section 112.3241, Florida Statutes (1979), provides in part:
Any final action by the commission taken pursuant to this part shall be subject to review in a District Court of Appeal upon the petition of the party against whom an adverse opinion, finding, or recommendation is made.
*60 It is incontrovertible that the final report of the Commission concluded that Mr. Zerweck's "employment with DJM Properties, Inc., posed a frequently recurring conflict with public duties." This is an explicit finding that Mr. Zerweck violated the statute and, thus, his entitlement to judicial review is clear. It is of no consequence that the Commission, in the exercise of its discretion, declined to "formalize" its finding or to impose further penalties. Branding a public official as a law-violater is a penalty in itself. More importantly, the right to judicial review is not dependent on the imposition of a penalty. Rather, it turns upon the existence of an adverse opinion, finding, or recommendation. Once articulated, the Commission cannot shield its finding from judicial scrutiny by failing to "formalize" it.
Turning to the merits of the appeal, we note Mr. Zerweck's initial suggestion that he is exempt from the strictures of Section 112.313(7)(a) by virtue of subsection (7)(a)(2). That subsection provides:
When the agency referred to is a legislative body and the regulatory power over the business entity resides in another agency, or when the regulatory power which the legislative body exercises over the business entity or agency is strictly through the enactment of laws or ordinances, then employment or a contractual relationship with such business entity by a public officer or employee of a legislative body shall not be prohibited by this subsection or be deemed a conflict.
To understand this claim of exemption, it is necessary to review the governmental structure of the City of Margate. A city manager is charged with the responsibility of performing the executive functions of government, while the city commission fulfills the legislative role. The commission, however, is also involved in the regulatory process. Moreover, it is critically important to note that the commission's involvement in the regulatory process is not limited to the enactment of laws or ordinances. For example, the city's charter empowers the commission to appoint the members of various regulatory boards, e.g., the Planning and Zoning Board, the Beautification Commission, the Board of Adjustment and the Civil Service Commission. The charter further indicates that the city commission shall be the ultimate arbiter of all appeals from these boards. Thus, the commission is required to act on a case-by-case basis to discharge this aspect of its regulatory power. Consequently, the Margate City Commission is not an exempt legislative body within the meaning of Section 112.313(7)(a)(2), Florida Statutes (1979).
Next, Mr. Zerweck argues that Section 112.313(7)(a) is too vague to pass constitutional muster. Specifically, he suggests that the term "conflict," which is used in Section 112.313(7)(a) and which is defined in Section 112.312(6) is too imprecise to satisfy the notice requirements of due process. We do not agree.
The test to determine whether a statute is unconstitutionally vague is whether persons of common understanding and intelligence must necessarily guess at its meaning. State v. Rodriquez, 365 So.2d 157 (Fla. 1978). Legislative enactments are presumed constitutional and doubts as to the validity of a statute are to be resolved in favor of a finding of constitutionality. Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976). Moreover, a less stringent standard as to vagueness is used in examining non-criminal statutes, though minimal constitutional standards for definiteness must still be met. D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977).
A primary objective of the Code of Ethics is that government officials avoid recurring situations in which there is a temptation to place personal gain, economic or otherwise, above the discharge of their fiduciary duty to the public. There is nothing new or startling about this concept. The avoidance of the appearance of impropriety is an ethical norm which has governed the conduct of attorneys and judges for decades. Certainly, there is nothing to prevent the Legislature from extending the application of this norm to all branches of government. Indeed, this is precisely what *61 the Legislature intended as can be seen from Section 112.311(5), Florida Statutes (1979):
It is hereby declared to be the policy of the state that no officer or employee of a state agency or of a county, city, or other political subdivision of the state, and no member of the Legislature or legislative employee, shall have any interest, financial or otherwise, direct or indirect; engage in any business transaction or professional activity; or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and strengthen the faith and confidence of the people of the state in their government, there is enacted a code of ethics setting forth standards of conduct required of state, county, and city officers and employees, and of officers and employees of other political subdivisions of the state, in the performance of their official duties. It is the intent of the Legislature that this code shall serve not only as a guide for the official conduct of public servants in this state, but also as a basis for discipline of those who violate the provisions of this part.
Section 112.312(6), Florida Statutes (1979), defines "conflict" or "conflict of interest" as "a situation in which regard for a private interest tends to lead to disregard of a public duty or interest." Looking first at the word "tend", it is not an inherently ambiguous term. Webster's Seventh New Collegiate Dictionary (1972) defines "tend" as "to move, direct, or develop one's course in a particular direction; to exhibit an inclination or tendency."
Turning next to the age-old notion of conflict, Justice Terrell made this observation in City of Coral Gables v. Coral Gables, Inc., 119 Fla. 30, 160 So. 476 (1935):
No principle of law is better settled than that the same person cannot act for himself and at the same time with respect to the same matter as the agent of another whose interests are conflicting. The two positions impose different obligations, and their union would at once raise a conflict between interest and duty and, constituted as humanity is, in the majority of cases duty would be overborne in the struggle. Id. at 479.
In the same vein, the United States Supreme Court in United States v. Mississippi Valley Generating Co., 364 U.S. 520, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961), upheld a federal conflict of interest statute and noted:
It is also significant, we think, that the statute does not specify as elements of the crime that there be actual corruption or that there be any actual loss suffered by the Government as a result of the defendant's conflict of interest. This omission indicates that the statute establishes an objective standard of conduct, and that whenever a government agent fails to act in accordance with that standard, he is guilty of violating the statute, regardless of whether there is positive corruption. The statute is thus directed not only at dishonor, but also at conduct that tempts dishonor. This broad proscription embodies a recognition of the fact that an impairment of impartial judgment can occur in even the most well-meaning men when their personal economic interests are affected by the business they transact on behalf of the Government. To this extent, therefore, the statute is more concerned with what might have happened in a given situation than with what actually happened. It attempts to prevent honest government agents from succumbing to temptation by making it illegal for them to enter into relationships which are fraught with temptation." (Emphasis supplied). 364 U.S. at 549-550, 81 S.Ct. at 309.
As with the federal statute referred to above, Section 112.313(7)(a), Florida Statutes (1979), establishes an objective standard which requires an examination of the nature and extent of the public officer's duties together with a review of his private employment to determine whether the two are compatible, separate and distinct or whether they coincide to create a situation which "tempts dishonor." We do not believe *62 that the statute could be more precise and still fulfill its broad purpose. Indeed, as has been noted, "to make a statute sufficiently certain to comply with constitutional requirement it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited." Smith v. State, 237 So.2d 139, 141 (Fla. 1970) (quoting People v. Smith, 36 Cal. App. Supp.2d 748, 92 P.2d 1039, 1042 (1939)). Avoiding conflicts of interest is a well understood and traditionally accepted ethical norm. The statute merely adopts this norm and proscribes, as precisely as possible, unethical conduct which can manifest itself in infinite forms.
We have carefully reviewed the record and conclude that the Commission's determination that Mr. Zerweck's employment with DJM Properties, Inc., posed a frequently recurring conflict of interest, is supported by substantial, competent evidence. Thus, we affirm the Commission's finding and hold that the language of Section 112.313(7)(a), Florida Statutes (1979), is sufficiently definite to provide adequate notice of the conduct which it prohibits.
Accordingly, the order on appeal is AFFIRMED.
DELL, J., concurs.
SHARP, G. KENDALL, Associate Judge, concurs specially with opinion.
SHARP, G. KENDALL, Associate Judge, concurring specially.
I concur with the majority opinion which affirms the finding of the Commission on Ethics that Mr. Zerweck's employment with D.J.M. Properties, Inc. posed a frequently recurring conflict with public duties. This was the only fact the Commission found, and hence, the Commission took no action nor gave any recommendation.
Mr. Zerweck is entitled to review before this court from the conclusions and action taken by the Commission on Ethics.
The Commission noted that Mr. Zerweck sought an advisory opinion and concurred that this particular section of the Code of Ethics is "more amenable to the advisory opinion procedures."
I believe the respondent is entitled to some advice.
When the City Commission voted on issues affecting D.J.M. Properties, Inc. did Zerweck's abstentions on voting conflict statements "impede the full and faithful discharge of his public duties?" Section 112.313(7)(a).
Would his employment by D.J.M. Properties, Inc. preclude him from again seeking public office?
Section 112.311(2) Florida Statutes states:
Thus, the law against conflict of interest must be so designed as not to impede unreasonably or unnecessarily the recruitment and retention by government of those best qualified to serve... ."
I would remand the case back to the Commission requiring the advice they failed to give the respondent.