421 So.2d 37 (1982)
Frank A. HOWARD, Jr., Appellant,
v.
STATE of Florida COMMISSION ON ETHICS, Appellee.
No. 81-1747.
District Court of Appeal of Florida, Third District.
October 26, 1982.
Frank A. Howard, in pro. per.
Philip C. Claypool, Staff Atty., Com'n on Ethics, Tallahassee, for appellee.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Pursuant to Section 112.322(3)(a), Florida Statutes (1979), attorney Howard instituted a request for an advisory opinion from the Florida Commission on Ethics concerning the potential for conflict between certain employment in which he was engaged. *38 Upon receiving an adverse opinion from the Commission, Howard commenced the present appeal.
On our own initiative, we have inquired into our jurisdiction to entertain and decide an appeal from an advisory opinion and decide that we do, in fact, have jurisdiction. While it is true that Howard merely sought an advisory opinion, upon its issuance by the Commission, that opinion became binding on the conduct of Howard. See § 112.322(3)(b), Fla. Stat. (1979).[1] As such, it constituted final agency action appealable under Section 112.3241, Florida Statutes (1979)[2] which, in part, provides:
Any final action by the commission taken pursuant to this part shall be subject to review in a District Court of Appeal upon the petition of the party against whom an adverse opinion, finding, or recommendation is made.
A similar question was presented in Zerweck v. State Commission on Ethics, 409 So.2d 57 (Fla. 4th DCA 1982). In that case, a complaint was filed alleging that Mr. Zerweck violated Section 112.313(7)(a), Florida Statutes (1979). After a hearing, the Commission determined that Zerweck was indeed violating the statute, but decided not to issue a determination of violation or imposition of a penalty. The state argued that Mr. Zerweck was precluded from judicial review because of the Commission's failure to make a formal determination. Rejecting that argument, the court held:
It is incontrovertible that the final report of the Commission concluded that Mr. Zerweck's "employment with DJM Properties, Inc., posed a frequently recurring conflict with public duties." This is an explicit finding that Mr. Zerweck violated the statute and, thus, his entitlement to judicial review is clear. It is of no consequence that the Commission, in the exercise of its discretion, declined to "formalize" its finding or to impose further penalties. Branding a public official as a law-violator is a penalty in itself. More importantly, the right to judicial review is not dependent on the imposition of a penalty. Rather, it turns upon the existence of an adverse opinion, finding, or recommendation. Once articulated, the Commission cannot shield its finding from judicial scrutiny by failing to "formalize" it.
409 So.2d at 60. Thus, it is clear that an advisory opinion, made binding on the party, is subject to appellate review by this court.[3] Furthermore, had Howard not appealed the advisory opinion, that determination would have become res judicata of the issues presented therein. See DeBusk v. Smith, 390 So.2d 327 (Fla. 1980). Consequently, we have jurisdiction.
Having determined that this court properly has jurisdiction over this matter, we may now proceed to the merits. Howard is an attorney, licensed and authorized to practice law in Florida. He does not dispute the fact that he occupies the dual status of being an employee of the Dade County School Board serving as school board attorney, as well as being a partner in a law firm which has also contracted to provide legal services to the school board. Both contracts are renewable on an annual basis, and both salaries are fixed so that they will not increase regardless of the time, nature, or extent of the services rendered by either. The advisory opinion issued *39 by the Commission on Ethics[4] stated that this dual employment presented a conflict of interest which was prohibited under Section 112.313(3), Florida Statutes (1979).
Howard first argues that Section 112.313(3), supra, interferes with the plenary jurisdiction of the Supreme Court to regulate the practice of law under Article V, Section 15 of the Florida Constitution. We find nothing in the legislative policy evinced by Sections 112.311 and 112.316, Florida Statutes (1979), construed in pari materia with Section 112.313(3), which interferes with the constitutional authority of the Supreme Court to regulate the practice of law. The statutes enacted by the legislature merely supplement the Canons of Professional Responsibility adopted by the Supreme Court. When an attorney decides to accept public employment, he does so subject to the legislative proscription on his conduct.
Howard has presented a plausible argument that the Commission placed a highly technical and unrealistic construction upon the statute. By its plain terms, the statute prohibited Howard from serving as a public employee at the same time that he is a partner in a law firm which is providing legal services to the school board. This prohibition was imposed without any hint of wrongdoing or impropriety on Howard's part. While we enforce the obvious power conferred upon the Ethics Commission,[5] we do so reluctantly where, in its broad application, the statute prohibits dual positions without any allegation of impropriety.
Affirmed.
JORGENSON, Judge, concurring in part, dissenting in part.
I agree that we have jurisdiction to entertain this appeal. I also agree that Section 112.313(3), Florida Statutes (1979), does not interfere with our Supreme Court's plenary jurisdiction to regulate the practice of law.
I dissent, however, from the Court's affirmance of the Commission's advisory opinion.
The retainer agreement with Mr. Howard and his law firm openly arrived at and in use for a number of years does not, in my view, violate Section 112.313(3), Florida Statutes (1979). The contract which employs Mr. Howard, individually, and his firm is nothing more than a retainer agreement securing certain legal services. The fact that the agreement characterizes Mr. Howard as a board employee[1] ought not to operate to create an ethical dilemma in contravention of the statute where, as here, the retainer agreement contemplates, in the same document, the employment of an individual lawyer and his law firm.
A fair reading of the entire statute suggests that among the multiple interests served by the Code of Ethics is the ability of an agency to attract and keep highly qualified personnel. Indeed, Section 112.311(4), Florida Statutes (1979),[2] specifically speaks to this issue.
I would give effect to the obvious legislative intent and disapprove of the Commission's advisory opinion.

*40 APPENDIX I

State of Florida [SEAL] Commission on Ethics
July 16, 1981
Mr. Frank A. Howard, Jr.
School Board Attorney
Dade County Public Schools
Administrative Office
Lindsey Hopkins Building
1410 Northeast Second Avenue
Miami, Florida 33132
 RE: CONFLICT OF INTEREST  Law firm of school board
 attorney providing legal services to school board
Dear Mr. Howard:
This is in response to your request for an advisory opinion from
the Commission on Ethics on substantially the following question:
 DOES A PROHIBITED CONFLICT OF INTEREST EXIST WHERE
 YOU, AN EMPLOYEE OF A SCHOOL BOARD SERVING AS SCHOOL
 BOARD ATTORNEY, ARE A PARTNER IN A LAW FIRM WHICH
 ALSO HAS CONTRACTED TO PROVIDE LEGAL SERVICES TO THE
 SCHOOL BOARD?
Your question is answered in the affirmative.
In your letter of inquiry you advise that you have entered into
an annual employment agreement with the Dade County School Board
under which you are paid a salary as School Board Attorney
responsible for the handling of all the legal matters of the
School Board. Under the agreement, you hold a regularly
established position, are designated as a permanent employee in
personnel records, and are paid a salary from the Board's regular
salaries and wages account. Deductions from your salary are made
for federal income taxes, social security contributions, and
group insurance. In addition, the Board has made retirement
contributions on your account to the Florida Retirement System.
Under the employment contract, you are required to be on call at
all times to serve the Board on a priority basis, although you
are permitted to continue in the general practice of law with
your law firm.
In addition, you advise that as part of the same agreement with
the School Board, your law firm has contracted to provide legal
services to the School Board in exchange for a fixed annual sum
as compensation. The firm receives no other or additional
compensation from the Board, aside from reimbursement of costs.
Pursuant to the contract, the necessity for and extent of
services to be performed by the law firm are to be determined by
you, as the Board attorney.
Finally, you advise that it is your position that you are and
have been personally an employee of the School Board, that the
law firm is an independent contractor with the Board, and that
under the contractual arrangement and the circumstances of their
approval by the Board no prohibited conflict of interest exists.
We agree that under the circumstances you have presented you are
an employee of the School Board. See CEO 77-76, CEO 78-65, and
CEO 79-24, copies of which are enclosed. In addition, we agree
that your law firm is an independent contractor with the School
Board.
The Code of Ethics for Public Officers and Employees provides in
relevant part:
 DOING BUSINESS WITH ONE'S AGENCY.  No employee of
 an agency acting in his official capacity as a
 purchasing agent, or public officer acting in his
 official capacity, shall either directly or
 indirectly purchase, rent, or lease any realty,
 goods, or services for his own agency from any
 business entity of which he or his spouse or child is
 an officer, partner, director, or proprietor or in
 which such officer or employee or his spouse or
 child, or any combination of them, has a material
 interest. Nor shall a public officer or employee,
 acting in a private capacity, rent, lease, or sell
 any realty, goods, or services to his own agency, if
 he is a state officer or employee, or to any
 political subdivision or any agency thereof, if he is
 serving as an officer or employee of that political
 subdivision. The foregoing shall not apply to
 district offices maintained by legislators when such
 offices are located in the legislator's place of
 business. This subsection shall not affect or be
 construed to prohibit contracts entered into prior
 to:
*41 (a) October 1, 1975.
 (b) Qualification for elective office.
 (c) Appointment to public office.
 (d) Beginning public employment.
 Section 112.313(3), Florida Statutes (1979).
This provision prohibits you, as a public employee, from acting
in a private capacity to sell any services to your "agency,"
which is the School Board under the definition of "agency"
contained in Section 112.312(2), Florida Statutes.
In previous opinions, we have advised that one acts "in a private
capacity" to sell realty, goods, or services when he is an
officer or director of, or owns more than five percent of, the
business entity which is selling such realty, goods, or services.
See, for example, CEO 78-39, a copy of which is enclosed. We also
have advised that a partner is "acting in a private capacity"
when his partnership acts. See CEO 79-83, Question II, a copy of
which is enclosed. Thus, we have interpreted Section 112.313(3),
Florida Statutes, to apply not only where a public officer or
employee is selling his personal services in a private capacity
to his agency, but also where the officer or employee is acting
in a private capacity to sell the services of another. In this
regard, we note that the language of the statute is not couched
in terms of prohibiting a public officer or employee from acting
in a private capacity to sell his services to his agency, but
rather in terms of prohibiting him from acting in a private
capacity to sell any services to his agency.
Here, in addition to the services you are providing to the School
Board as an employee, the law firm of which you are a partner has
contracted to sell its services to the School Board. We also note
that you have signed the firm's contract with the School Board as
a partner in behalf of the firm, and that you have advised that
you share as a partner in the retainer which is paid to the firm
by the School Board. These circumstances provide a further
indication that you have acted and are acting in a private
capacity to sell the services of your law firm to the School
Board.
Section 112.313(3) does contain a "grandfather" clause, which
would exempt contracts entered into prior to October 1, 1975.
However, we find that this provision would not apply to exempt
the services provided to the School Board by your law firm, since
the contract between the firm and the School Board has been
entered into annually.
Accordingly, we find that a prohibited conflict of interest
exists where you are an employee of a School Board serving as
School Board Attorney and you are a partner in a law firm which
also has contracted to provide legal services to the School
Board.
Respectfully submitted,
THE COMMISSION ON ETHICS
/s/ William C. Andrews
William C. Andrews
Chairman
/s/ Lawrence A. Gonzalez
Lawrence A. Gonzalez
Executive Director

NOTES
[1] Section 112.322(3)(b), supra, provides:

Said opinion, until amended or revoked, shall be binding on the conduct of the officer, employee, or candidate who sought the opinion or with reference to whom the opinion was sought, unless material facts were omitted or misstated in the request for the advisory opinion.
[2] This statute is authorized by Article V, Section 4(b)(2) of the Florida Constitution which provides: "District Courts of Appeal shall have direct review of administrative action, as prescribed by general law."
[3] It would have been of great assistance to this court if the attorney for the Commission had advised us of the Fourth District's decision in Zerweck, supra (a case in which the attorney for the Commission participated), when we inquired about our jurisdiction at oral argument.
[4] The advisory opinion is reproduced in the appendix to this opinion.
[5] There is no suggestion by Howard that the legislature exceeded its authority by the enactment of Section 112.313(3), supra.
[1] I gather from the record that the primary purpose of this characterization of employment is to enhance certain retirement benefits not the subject matter of this appeal.
[2] § 112.311(4), Fla. Stat. (1979), provides as follows:

(4) It is the intent of this act to implement these objectives of protecting the integrity of government and of facilitating the recruitment and retention of qualified personnel by prescribing restrictions against conflicts of interest without creating unnecessary barriers to public service.