Thomas H. Thurlow, Jr. Attorney for the Martin County Health Facilities Authority
QUESTION: Pursuant to s. 154.207(9), F.S., would a conflict of interest arise when members of the Martin County Health Facilities Authority receive income for the Martin Memorial Hospital Association directly through payments for goods and services provided to the hospital or indirectly as a subcontractor on a hospital construction project?
SUMMARY: Members of the authority who receive payments from the Martin Memorial Hospital Association for goods and services provided to the hospital may not vote on matters related to the hospital. A member who receives income as a subcontractor on a construction project for the hospital should consider abstaining from voting on matters related to the hospital in order to avoid the appearance of impropriety.
You state that three members of the Martin County Health Facilities Authority (authority) have either direct or indirect financial ties with the Martin Memorial Hospital Association by receiving income as a subcontractor on a hospital construction project, from the sale of propane gas and related products to the hospital, or from the sale of printing services and products to the hospital.
The purpose of a health facilities authority is to "assist health facilities in the acquisition, construction, financing, and refinancing of projects in any corporated or unincorporated area within the geographical limits of the local agency."[1]
In order to carry out this purpose, an authority provides financing through the issuance of bonds.[2]
The governing body of a local agency, in this instance the county, must designate five persons who are residents of the local agency as members of the authority.[3] Three members of the authority constitute a quorum and the affirmative vote of a majority of the members present at a meeting of the authority is necessary for any action taken by the authority.[4]
Section 154.207(9), F.S., provides:
 Any general or special law, rule or regulation, or ordinance of any local agency to the contrary notwithstanding, service as a member of an authority by a trustee, director, officer, or employee of a health facility shall not in and of itself constitute a conflict of interest. However, any member of the authority who is employed by, or receives income from, a health facility under consideration by the authority shall not vote on any matter related to such facility. (e.s.)
The plain language of the statute recognizes that a member of the authority may be employed by a health care facility and such employment, in and of itself, does not create a conflict of interest. Any member who is employed by a health care facility or receives income from a facility, however, must refrain from voting on any matter related to such facility when it is under consideration by the authority.[5]
As a statute designed to protect the public's interest, the provisions in s. 154.207(9), F.S., should be liberally construed in favor of the public.[6] Furthermore, the authority members, as public officials,[7] are governed by the Code of Ethics for Public Officers and Employees and must avoid situations in which there is even the appearance of impropriety.[8]
A determination of what constitutes the receipt of income from a health facility has not been addressed judicially. Nor is there a statutory definition or legislative history which provides guidance. "Income" is defined as "a gain or recurrent benefit that is usually measured in money and for a given period of time, derives from capital, labor, or a combination of both."[9]
It is also defined as "[t]he return in money from one's business, labor, or capital invested; gains, profits, salary, wages, etc."[10]
To the extent authority members receive a benefit such as money from the health facility for goods and services, it appears the are receiving income. Section 154.207(9), F.S., does not limit its application to specified amount of income, nor is there any provision exempting income which is derived from providing products to the health facility through a corporate entity owned by an authority member. Thus, a member whose company sells propane to the hospital and a member whose company sells printing services would be precluded from voting on matter related to the hospital. I cannot say that an authority member acting as a subcontractor who receives income from the contractor on a hospital facility construction project is receiving income from the hospital facility. It should be considered, however, that the authority member acting as a subcontractor who complies with the provisions for mechanics' liens in s. 713.06, f.S. (1990 Supp.), would have a legal claim against the hospital. As noted above, the authority member as public official should avoid even the appearance of impropriety.[11]
Accordingly, those members of the authority which receive money from the hospital facility through payments for goods and services provided to the hospital by the members' companies should not vote on matters relating to the facility. The authority member who acts as a subcontractor on a hospital facility construction project should consider abstaining from voting when to do so would give the appearance of impropriety.
[1] See, s. 154.209, F.S. See also, s. 154.205(9), F.S., defining "[l]ocal agency" as "any county or municipality existing or hereafter created pursuant to the laws of this state."
[2] See, ss. 154.203 and 154.209(10), F.S.
[3] Section 154.207(4), F.S.
[4] See, 154.207(7), F.S.
[5] Cf., Commission on Ethics Opinion 84-101, October 18, 1984 (no prohibited conflict of interest for physician on the medical staff of hospital to serve as commissioner of hospital authority; physician should abstain, however, from matters relating to appointments of medical staff to the hospital). Alsosee, s. 154.238, F.S., authorizing an authority to sell its bonds to a bank which employs a member of the authority as an officer, director, or employee.
[6] Department of Environmental Regulation v. Goldring,477 So.2d 532 (Fla. 1985).
[7] See, AGO 84-90, in which this office concluded that members of a county health facilities authority hold an office under the government of the county.
[8] See, Zerweck v. State Commission on Ethics,409 So.2d 57, 60-61 (4 D.C.A. Fla., 1982) (the avoidance of the appearance of impropriety is an ethical norm which the Legislature intended to extend to all branches of government as shown by the enactment of the Code of Ethics).
[9] Webster's Third New International Dictionary 1143 (unabridged ed. 1981).
[10] Black's Law Dictionary 687 (5th ed. 1979).
[11] Cf., AGO 72-409 (county commissioner should abstain from acting in any official capacity in connection with decision in which he is personally interested, resulting in a conflict between his duty as a public official and his personal interest) and AGO 73-198.