KAHN, Judge.
In this case, Brevard County (County) appeals from an advisory opinion issued by the Florida Commission on Ethics (Commission), pursuant to section 112.322(3), Florida Statutes (Supp.1994). The Commission *907 determined that, under the facts presented, a conflict of interest existed under section 112.313(7)(a), Florida Statutes (Supp.1994), and the County could not pass an ordinance pursuant to section 112.313(7)(b), Florida Statutes (Supp.1994), to provide an exemption from the conflict. We affirm.*
Six individuals employed as firemedics or paramedics by the Brevard County Public Safety Department also have supplemental employment with two private, non-profit corporations that have been granted exclusive franchises to operate within certain specified areas of Brevard County. By letter dated January 24, 1995, the Office of the County Attorney of Brevard County requested a formal opinion from the Commission on Ethics, pursuant to section 112.322(3), concerning a possible conflict and the application of section 112.313(7) to any such conflict. In particular, the letter posed the following questions:
(1) Does a prohibited conflict of interest exist where a county paramedic or fir-emedic is employed as a paramedic with a not-for-profit corporation which has been granted a franchise by the county commission to provide ambulance and transport services within an area of the county?
(2) If the above employment does constitute a conflict pursuant to section 112.313(7)(a), does the county commission’s adoption of an ordinance pursuant to section 112.313(7)(b), allowing the county employee to work for the entity, provide an exemption from section 112.313(7)(a) for the county employee?
The County indicated that if a conflict of interest existed, “it is the County’s position that passing an ordinance pursuant to Fla. Stat. 112.313(7)(b), would provide an exemption from this conflict.”
On October 13, 1995, the Commission issued an opinion, CEO 95-027, determining that a conflict existed and that section 112.313(7)(b) had no applicability to the situation presented. The County has appealed the Commission’s decision concerning section 112.313(7)(b), but has not appealed the determination that a conflict of interest exists under section 112.313(7)(a).
Section 112.313(7), Florida Statutes (Supp. 1994), provides in pertinent part:
CONFLICTING EMPLOYMENT OR CONTRACTUAL RELATIONSHIP.—
(a) No public officer or employee of an agency shall have or hold any employment or contractual relationship with any business entity or any agency which is subject to the regulation of, or is doing business with, an agency of which he is an officer or employee, excluding those organizations and their officers who, when acting in their official capacity, enter into or negotiate a collective bargaining contract with the state or any municipality, county, or other political subdivision of the state; nor shall an officer or employee of an agency have or hold any employment or contractual relationship that will create a continuing or frequently recurring conflict between his private interests and the performance of his public duties or that would impede the full and faithful discharge of his public duties.
[[Image here]]
(b) This subsection shall not prohibit a public officer or employee from practicing in a particular profession or occupation when such practice by persons holding such public office or employment is required or permitted by law or ordinance.
(emphasis added). To date, no case law has addressed section 112.313(7)(b), the portion of the statute at issue here.
We hold that section 112.313(7)(b) does not contemplate the exemption sought *908 by the County in this case. When a prohibited conflict of interest exists under section 112.313(7)(a), section 112.313(7)(b) allows a public officer or employee to practice in a particular profession or occupation when such practice by public officers or employees is required or permitted by law or ordinance. Here, the Commission identified a conflict of interest when county paramedics work as paramedics for private entities that have been granted franchises by the County. The County does not challenge this conclusion. Rather, the County urges its entitlement under section 112.313(7)(b) to enact an ordinance allowing the paramedics to work for the franchisees. The finding of a conflict in this case, however, does not prohibit these individuals from practicing their particular profession or occupation as paramedics. The County’s proposal to pass an ordinance permitting the paramedics to work for specific private entities thus goes beyond the scope of section 112.313(7)(b).
Indeed, under the construction of the statute urged by appellant, a county could always avoid a conflict of interest by passing an ordinance. Such a result is contrary to the concept of a uniform code of ethics, applicable to public officers and employees statewide, contemplated by the constitutional provision creating the Commission on Ethics and the implementing statutory enactment. Art. II, § 8(f), Fla. Const. (“There shall be an independent commission to conduct inves- . tigations and make public reports on all complaints concerning breach of public trust by public officers or employees not within the jurisdiction of the judicial qualifications commission.”); § 112.320, Fla.Stat. (1993) (“There is created a Commission on Ethics, the purpose of which is to serve as guardian of the standards of conduct for the officers and employees of the state, and of a county, city, or other political subdivision of the state, as defined in this part, and to serve as the independent commission provided for in s.S(f), Art. II of the State Constitution.”).
ERVIN, J., and SMITH, Senior Judge, concur.

 Although the County has not yet passed an ordinance providing an exemption from the conflict, an advisory opinion of the Commission on Ethics, made binding on the party, is subject to appellate review by this court. Howard v. State, Comm'n on Ethics, 421 So.2d 37, 38 (Fla. 3d DCA 1982); see § 112.322(3)(b), Fla.Stat. (Supp. 1994) (“Such opinion, until amended or revoked, shall be binding on the conduct of the officer, employee, or candidate who sought the opinion or with reference to whom the opinion was sought, unless material facts were omitted or misstated in the request for the advisory opinion.”); § 112.3241, Fla.Stat. (1993) ("Any final action by the commission taken pursuant to this part shall be subject to review in a district court of appeal upon the petition of the party against whom an adverse opinion, finding, or recommendation is made.”).