1998-NMCA-027

954 P.2d 109

**Christopher A. ORTIZ, Petitioner–
Appellee,**

v.

**TAXATION AND REVENUE DEPART-
MENT, MOTOR VEHICLE DIVI-
SION, Respondent–Appellant.**

**No. 18127.**

Court of Appeals of New Mexico.

Jan. 23, 1998.

Tom Udall, Attorney General, Rosemary Maestas, Ass't Attorney General, Santa Fe, Gail MacQuesten, Special Ass't Attorney General, Santa Fe, for Appellant.

Lewis J. Terr, Las Vegas, for Appellee.

## OPINION

PICKARD, Judge.

1. In this case of first impression, we consider whether a "revolving doors" statute prohibiting former public officers and employees from representing persons for pay before their former government agency employers is constitutional as applied to executive branch employees. On appeal, we are asked to address whether the district court erred in holding that NMSA 1978, Section 10–16–8(C) (1993), of the Governmental Conduct Act, as applied to attorneys, violates the separation-of-powers doctrine because it is an infringement by the legislature upon the

judiciary's exclusive province to regulate the practice of law. We hold that the district court erred, and we reverse.

## FACTS

2. In January 1996, Christopher Ortiz (Client) retained Lewis Terr (Attorney) to represent him in a driver's license revocation proceeding before the Department of Taxation and Revenue's Motor Vehicle Division (Department). Client's case stemmed from his refusal to take a breath test after being stopped on suspicion of DWI. Attorney was previously employed by the Department as an attorney working primarily on cases involving the Implied Consent Act. Three months after leaving government service, Attorney appeared before the Department to represent Client.

3. At the Department hearing, the hearing officer refused to allow Attorney to represent Client because of a perceived violation of Section 10–16–8(C), which prohibits former public officers and employees from representing persons for pay before their former government agency employers for a period of one year after leaving government service. The hearing officer noted that at one time Attorney had served as her supervisor and she was concerned that Attorney was attempting to use his former position to influence the hearing. The hearing officer provided Client with the option of either proceeding pro se or continuing the case to seek another attorney. Client chose to proceed pro se, and the Department issued a decision revoking Client's driver's license for a period of one year.

4. On appeal to the district court to review the Department's administrative decision, Attorney argued that Section 10–16–8(C), as applied to attorneys, usurped the judiciary's prerogative to regulate the practice of law. The district court ruled that Section 10–16–8(C) of the Governmental Conduct Act was an unconstitutional intrusion by the legislature into the judicial branch's authority to regulate the conduct of attorneys. The district court therefore overturned the revocation of Client's driver's license.

## DISCUSSION

### I. Standard of Review

5. A strong presumption of constitutionality surrounds a statute. *See State ex rel. Udall v. Public Employees Retirement Bd.,* 120 N.M. 786, 788, 907 P.2d 190, 192 (1995) (legislative enactments are presumed valid); *Wells v. County of Valencia,* 98 N.M. 3, 6, 644 P.2d 517, 520 (1982) (legislature is presumed to have enacted a statute within the bounds of the constitution); *Española Hous. Auth. v. Atencio,* 90 N.M. 787, 788, 568 P.2d 1233, 1234 (1977) ("there is a presumption of the validity and regularity of legislative enactments"); *Old Abe Co. v. New Mexico Mining Comm'n,* 1995–NMCA–180, 121 N.M. 83, 96, 908 P.2d 776, 789. Not only are statutes presumptively valid, but they are normally reviewed under the rational-basis test. *Richardson v. Carnegie Library Restaurant, Inc.,* 107 N.M. 688, 693, 763 P.2d 1153, 1158 (1988). Furthermore, a statute will not be declared unconstitutional unless we are satisfied that the legislature went outside the constitution in enacting it. *Id.; see also Española Hous. Auth.,* 90 N.M. at 788, 568 P.2d at 1234 (statute is upheld unless the court is satisfied beyond all reasonable doubt that the challenged legislation violates the constitution); *City of Farmington v. Fawcett,* 114 N.M. 537, 540, 843 P.2d 839, 842 (Ct.App.1992) ("it is the duty of the appellate court to uphold such legislation unless satisfied beyond all reasonable doubt that the legislation is outside the constitution"). This Court will also not inquire into the wisdom, policy, or justness of a legislative act. *Española Hous. Auth.,* 90 N.M. at 788, 568 P.2d at 1234; *see also Kaiser Steel Corp. v. Revenue Div.,* 96 N.M. 117, 124, 628 P.2d 687, 694 (Ct.App.1981) (appellate court is under no duty to question the wisdom, policy, or justness of a legislative act).

### II. Separation of Powers

6. The question before us is whether Section 10–16–8(C) violates Article III, Section 1 of the New Mexico Constitution because it impermissible infringes upon the judiciary's exclusive province to regulate the practice of law. Section 10–16–8(C) states:

For a period of one year after leaving government service or employment, a former public officer or employee shall not represent for pay a person before the government agency at which the former public officer or employee served or worked.

7. Section 10–16–8(C) prevents the "revolving door" of successive government and private employment by prohibiting former governmental employees from representing persons for pay before their former government agency employers for a period of one year after leaving government service. Attorney argues that this type of legislation, as applied to attorneys, violates the separation-of-powers clause by intruding upon the inherent power of the judiciary to regulate the conduct of attorneys. Therefore, Attorney asks us to "read out" former executive branch attorneys from the statute's application. We disagree.

8. Other state courts have reviewed challenges to "revolving door" legislation similar to the statute in this case and have concluded that such provisions do not violate separation of powers. *See Howard v. State Comm'n on Ethics*, 421 So.2d 37, 39 (Fla.Dist.Ct.App. 1982) ("revolving door" provision does not interfere with Supreme Court's authority to regulate practice of law); *Midboe v. Commission on Ethics for Pub. Employees*, 646 So.2d 351, 358–59 (La.1994) (ethics code provisions which apply to all public servants, including attorneys, do not violate separation of powers as long as the legislation does not impede or frustrate the judiciary's authority to regulate the practice of law); *Forti v. New York State Ethics Comm'n*, 75 N.Y.2d 596, 555 N.Y.S.2d 235, 243–44, 554 N.E.2d 876, 884–85 (1990) ("revolving door" legislation was not a legislative attempt to usurp judicial power to regulate the practice of law); *In re Advisory from the Governor*, 633 A.2d 664, 675 (R.I.1993) (no separation of powers violation); *see generally* Rachel E. Boehm, *Caught in the Revolving Door: A State Lawyer's Guide to Post–Employment Restrictions*, 15 Rev.Litig. 525 (1996).

9. Additionally, these courts have applied the rational-basis standard to review the constitutionality of the challenged legislation. *Forti*, 555 N.Y.S.2d at 241–42, 554

N.E.2d at 882–83; *In re Advisory from the Governor*, 633 A.2d at 670. The purpose of "revolving door" legislation is to enhance public trust and confidence in our governmental agencies by prohibiting conduct which may permit or appear to permit undue influence or a conflict of interest. *See In re Advisory from the Governor*, 633 A.2d at 671. Thus, there is a rational basis for "revolving door" legislation such as that involved in this case.

10. Nevertheless, Attorney contends that a higher level of scrutiny should attach because Section 10–16–8(C) applies much more strongly to attorneys who primarily earn their living by representing clients for pay. Moreover, Attorney explains, this legislation prevents attorneys from practicing in the area of law in which they have gained an expertise, thus detrimentally limiting their practice. However, the "revolving door" legislation does not single out attorneys for special treatment. Rather, such legislation is aimed at all former employees, whether or not they are attorneys. *See Midboe*, 646 So.2d at 357 ("ethics code applies to all public officials and employees; there is no exemption for public officials and employees who are attorneys").

11. While the matter is not squarely presented in this case, in that Attorney is a former executive branch employee, we note that statutes such as the one at issue here are typically addressed to executive branch employees. *See Forti*, 555 N.Y.S.2d at 241–42, 554 N.E.2d at 882–83, 885 (legislature could legitimately conclude that problem of undue influence or appearance thereof is greater in the case of former executive branch employees); *Maunus v. Commonwealth, State Ethics Comm'n*, 518 Pa. 592, 544 A.2d 1324, 1326–27 (1988) (upholding legislative requirement of financial disclosures for executive branch attorneys, although conceding that such a requirement would be unconstitutional if applied to members of the judiciary, who have their own ethical requirements). In fact, our own statute expressly excludes legislators and judges. *See* NMSA 1978, § 10–16–2(G) (1993) (defining "public officer or employee" as "any person who has

been elected to, appointed to or hired for any state office and who receives compensation in the form of salary or is eligible for per diem or mileage, but excludes legislators and judges").

12. Furthermore, the New York Court of Appeals in *Forti* rejected the contention that revolving doors legislation seriously interferes with the ability of attorneys to pursue their professional careers. *Forti*, 555 N.Y.S.2d at 243, 554 N.E.2d at 884. The court explained:

> the new rules do not interfere with the ability of plaintiffs, all of whom are attorneys, to practice law. They merely forbid them from accepting employment in a limited class of cases that poses the greatest potential for the unfair exploitation of the contacts they made, and the knowledge they obtained, during their State service. Such a restriction, which is reasonably related to the legislative goal of restoring public confidence in government, does not violate any protected property or liberty interest even if, as a practical matter, it may reduce plaintiffs' professional marketability.

*Id.* (citation omitted).

13. Section 10–16–8(C) does not prohibit. Attorney from practicing law. Attorney may represent any and all clients except those requiring representation for pay before the Department for a period of one year following termination of his public service. After this one-year period, Attorney is not precluded from representing clients for pay before the Department.

14. We conclude that application of Section 10–16–8(C) to former executive branch attorneys is not an attempt by the legislature to regulate the practice of law. Rather, this type of legislation is intended to ensure a high ethical standard for all former government agency employees upon leaving their government agency employment. *See Midboe*, 646 So.2d at 360. The statute also serves to insulate the executive branch from improper influence by former governmental employees. Section 10–16–8(C) does not violate separation of powers.

### III. Conflict with Rule 16–111

15. Attorney also argues that the New Mexico Supreme Court's Rules of Professional Conduct, Rule 16–111 NMRA 1998, prohibits the same type of conduct as Section 10–16–8(C). Thus, Attorney explains, Rule 16–111 should control over Section 10–16–.8(C). We are not persuaded.

16. Rule 16–111 prohibits an attorney in private practice from representing a client in a matter in which the attorney participated personally and substantially while a public officer or employee. *See* Rule 16–111. On the other hand, Section 10–16–8(C) prohibits an attorney, for a period of one year, from representing a client for pay in any matter in which the attorney appears before the attorney's former government agency employer. *See* § 10–16–8(C).

17. Section 10–16–8(C) and Rule 16–111 prohibit different types of conduct. Rule 16–111 prevents an attorney from using any information gained while in government service to the advantage of the client. Section 10–16–8(C), however, is concerned not with the specific use of any information, but rather with the appearance of impropriety or undue influence. Section 10–16–8(C) does not conflict with or impede Rule 16–111; Section 10–16–8(C) supplements the disciplinary rule. *See Howard*, 421 So.2d at 39 ("revolving door" legislation supplements disciplinary rules); *Midboe*, 646 So.2d at 360 (attorneys are subject to both disciplinary rules and Revolving doors legislation).

18. Moreover, the Comment to Rule 16–111 specifically provides that attorneys are subject not only to Rule 16–111, but also "to statutes and government regulations regarding conflict of interest." *See also Midboe*, 646 So.2d at 359 ("attorneys are subject to laws other than the Rules of Professional Conduct, and sometimes those laws relate to their actions as attorneys"). Thus, an attorney who is a public officer or employee is

subject to Rule 16–111 and Section 10–16–8(C).

## CONCLUSION

19. The decision of the district court is reversed. Inasmuch as no issues other than those decided above were presented to the district court, that court is directed to enter an order affirming the revocation of Client's driver's license.

20. **IT IS SO ORDERED.**

DONNELLY and BUSTAMANTE, JJ., concur.