This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BEHLES LAW FIRM, P.C.,**
**a New Mexico professional corporation,**

    Plaintiff-Appellant,

v.                                                                    **NO.   32,863**

**CURTIS HANLEN and KAREN HANLEN,**
Husband and Wife,

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Behles Law Firm P.C.
Jennie D. Behles
Albuquerque, NM

for Appellant

Curtis Hanlen
Karen Hanlen
Bosque Farms, NM

Pro Se Appellees

### MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     Behles Law Firm, P.C. (Behles) appeals from the district court's order approving of the special master's fees. [RP Vol. 4, 1543] This Court's first notice of proposed disposition proposed to affirm the district court's order. Behles filed a memorandum in opposition to the proposed disposition. Not persuaded by Behles' arguments, we affirm the district court.

{2}     Behles contests this Court's determination that the voluminous filings and continuous need for rulings constituted exceptional conditions warranting the appointment of a special master under Rule 1-053(B) NMRA. Behles asserts that this case was to be tried by a jury, such that reference to a special master under Rule 1-053(B) shall be the exception, not the rule, and shall only be made when the issues are complicated. [MIO 2] The district court's rationale, concerning the parties' voluminous filings in the seventeen months the case was pending and the continuous need for rulings on every discovery request, supports the determination that the issues were complicated. [RP Vol. 4, 1308] It is immaterial that the mediation was set when the special master was appointed. The district court could not have known that the parties would settle so quickly, particularly given the parties' past contentious discovery practices. We therefore conclude that there was no abuse of discretion. *See Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 17, 99 N.M. 436, 659

P.2d 888 (stating that the appointment of a special master is entirely within the discretion of the trial judge).

{3}     Next, Behles repeats the same arguments concerning the judge's asserted conflict of interest and act of improperly appointing, sua sponte, her former associate in a paying position as special master without disclosing their past relationship to the parties. [MIO 4-5] *See State v. Mondragon*, 1998-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). [DS 7, 17; MIO 4] Behles contends that there is an appearance of impropriety, particularly under the circumstances where the appointment is highly questionable, making it appear as a sanction. [MIO 4] We have already determined there was no abuse of discretion in appointing a special master to assist with the complicated issues relating to the voluminous filings, numerous discovery rulings, and contentious discovery practices between the parties. Therefore, we disagree with the contention that the appointment was for the purpose of sanctioning the parties. Behles further continues to argue that the district court judge should not have appointed a former partner as a special master. [*Id.* 5] However, Behles continues to cite case law that is distinguishable from the present facts and involving direct financial or personal gain by the judge. [*Id.* 5-6] Therefore, we propose to conclude that the appointment of the special master did not

create a perception that the judge's ability to impartially decide the case was impaired, particularly, in this case, where the settlement was mediated by a different judge altogether. [RP Vol. 4, 1348] *See* Rule 21-200(A) NMRA (2011) comm. cmt. ("The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality[,] and competence is impaired.").

{4}      Behles also continues to argue that the district court erred in refusing to either review the fees charged by the special master, or determine if any of the charges were justified. [DS 7; MIO 6] This Court's first notice proposed to conclude that the special master acted within the bounds of his power as directed by the district court. *See* Rule 1-053(C) NMRA (providing that the court may direct the special master to report on issues or perform particular acts and has the power to take proper measures for the efficient performance of duties). It was therefore proper for the special master to obtain and review copies of the pending motions in order to hear and submit recommended rulings on all pending or filed discovery motions as directed by the district court. [RP Vol. 4, 1294-94, 1308] In addition, the special master's charges, which consisted of time billed for reviewing documents provided by the court relating to the case, including orders, motions, and pleadings and dated between August 2-19, prior to settlement, were proper. [RP Vol. 4, 1293, 1461-64] This Court's first notice further stated that it appeared from the record that the judge reviewed the bill in light

of the work the special master was asked to do and determined that it was reasonable, even deducting almost half of the paralegal fees charged. [RP Vol. 4, 1545-47] Behles does not dispute any of these facts, but continues to assert that the special master held no hearings or meetings and took no part in the action. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). [MIO 6] To the extent Behles challenges the district court's order of dismissal as improper, we find the issue to be immaterial and without merit. [MIO 8-9] We therefore hold that there was no abuse of discretion. *See Pena v. Westland Dev. Co.*, 1988-NMCA-052, ¶ 38, 107 N.M. 560, 761 P.2d 438 (applying abuse of discretion standard to trial court's assessment of special master's fees).

**CONCLUSION**

{5}     For all of these reasons and those stated in the first notice of proposed disposition, we affirm the district court's order.

**{6}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**